## UNITED STATES *v.* SMITH.

*(Circuit Court, D. Massachusetts. August 8, 1883.)*

1. VERIFICATION OF SUMMARY COMPLAINT FOR OFFENSE ON HIGH SEAS—NOTARY PUBLIC.

In case of a summary complaint for an offense on the high seas the oath must be taken before the court or judge, or clerk of court, or some commissioner, who, in the absence of the judge, may be applied to for a warrant or summons; and

an affidavit taken before a deputy clerk, acting not as clerk, but as a notary public, is not sufficient.

2. SAME—MOTION IN ARREST OF JUDGMENT.

Such summary proceedings are put by the statute substantially on the footing of civil cases, and it seems that the want of due verification of the complaint is waived by the voluntary appearance of the accused. At any rate the error is amendable, and cannot be urged for the first time in arrest of judgment.

On Writ of Error.

*Chas. Almy, Jr.,* Asst. U. S. Dist. Atty., for the United States.

*E. W. Burdett,* for Smith.

LOWELL, J. The defendant, who was the second mate of the American bark Fantie, was charged with an assault upon one of the crew of the same vessel, upon the high seas. The charge was made in the form of a summary complaint, presented to the district court, under section 4301 of the Revised Statutes. Upon a trial by jury the defendant was convicted, and moved, in arrest of judgment, that the complaint was not duly "verified by oath in writing," as required by the section cited. The complainant's oath was taken before a notary public. This motion was denied, and the defendant was sentenced to imprisonment for two months, and duly prosecuted his writ of error.

Two questions have been argued: *First,* whether a notary public has power to administer and certify the oath; *second,* whether the objection can be taken for the first time in arrest of judgment.

1. The first point appears to be well taken by the defendant. Counsel have examined the statutes with diligence, and none has been found which gives a general authority to any officer to take affidavits in criminal cases. The law of August 23, 1842, § 1, (5 St. 516,) makes a distinction between civil and criminal business, giving commissioners of the circuit courts authority to take bail, affidavits, and depositions in civil causes; while, in criminal proceedings, they are to have the powers of justices of the peace, and other magistrates, in arresting, imprisoning, and bailing offenders. This distinction is preserved in the Revised Statutes. Notaries are put on the footing of commissioners, in respect to depositions and affidavits, by St. 1876, *c.* 304, (19 St. 206;) but this is in civil causes, because commissioners have no general powers in respect to depositions and affidavits in criminal proceedings. Their power is to hold to bail, etc., according to the course of practice in the several states, (Rev. St. § 1014;) and, as incidental to that power, they can, of course, take the requisite evidence. In Massachusetts, the same magistrate who takes the oath to the complaint must issue the warrant, or summons, as the case may be. Pub. St. *c.* 212, § 15. One magistrate cannot commit upon an affidavit taken before another.

In the case, therefore, of a summary complaint for an offense on the high seas, it would seem that the oath must be taken before the court or judge, or, perhaps, the clerk, or before some commissioner, who, in the absence of the judge, may be applied to for a warrant or a

summons. The affidavit here was taken before the deputy clerk, acting not as clerk, but as notary.

2. The second point must be decided for the government. These summary proceedings are put by the statute substantially on the footing of civil cases. It is provided that the defendant may plead, or answer, or make a counter-statement; and that the district attorney may amend his complaint at any time before verdict, if in the opinion of the court the amendment will work no injustice to the accused; and, if necessary, an adjournment shall be made to enable the accused to meet the amended complaint. Rev. St. §§ 4301, 4302. All this is as far removed as possible from ordinary criminal pleadings and proceedings; and the statute is found to be as favorable to defendants as to the United States, in the saving of time and expense. The district judges in this district have thought that it goes even beyond the powers of congress in permitting the accused to waive a trial by jury, and have never consented to try the facts by the court; but, so desirous are the accused to have the benefit of a speedy determination, even when it must be against them, that they will often plead guilty, or *nolo contendere,* to complaints for small offenses, to which they profess to have a defense, rather than be put to the expense of awaiting the action of the next grand jury.

It is not usual to issue warrants of arrest, or, indeed, any process in these cases. The complaint is filed and the accused appears, and the case proceeds. In this case there is no record of any summons or warrant. The fourth amendment to the constitution, therefore, which requires an oath to support a warrant, has no application. Under these circumstances, I am much disposed to believe that the want of due verification of the complaint is waived by the defendant's appearance; for the oath is required, I think, to meet the fourth amendment of the fundamental law, in case a warrant should be called for. I have no doubt that the mistake could have been amended at any time before verdict, because the statute contemplates amendments of substance as well as of form, if the defendant is not to be injured thereby; and even if he is called on to meet a new case, he may be required to do so after a reasonable adjournment. This oath is scarcely a matter of substance, for it may be taken by any one having information and belief, and is almost always taken by the district-attorney, or one of his assistants.

Under these circumstances, and with pleadings as liberal as are provided for civil cases, the modern and reasonable rule of civil pleading should be adopted: that an amendable error is insufficient in arrest of judgment. *Haverhill Loan, etc., Ass'n* v. *Cronin,* 4 Allen, 141. Nor is there anything in this liberality of pleading which is repugnant to the constitution. Even in Massachusetts, whose constitution provides that a crime shall be not only fully, plainly, and substantially, but "formally," set forth, a statute has been upheld which requires formal defects to be taken advantage of before verdict. *Com.*

*v. Walton*, 11 Allen, 238. Our constitution merely requires that the accused shall be informed of the nature and cause of the accusation. Amendment 6.

For these reasons, I am of opinion that the judgment below was right, and should be affirmed.