## ALTSHULER v. UNITED STATES.

(Circuit Court of Appeals, Third Circuit. February 9, 1925.)

No. 3206.

1. **Arrest** ☞63(4)—**Federal prohibition agents held justified in making arrest for transportation of liquor without warrant.**

Prohibition agents, who knew that defendant had received telephonic order for delivery of liquor at certain time and place, and who knew defendant's automobile license, had a right to intercept and arrest him and search automobile without warrant, without having actually seen liquor in automobile, in view of Espionage Act, tit. 11, § 6 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼f), and National Prohibition Act, tit. 2, § 26 (Comp. St. Ann. Supp. 1923, § 10138½mm).

2. **Arrest** ☞71—**Prohibition agents had duty of seizing liquor in possession of person lawfully arrested without warrant.**

Prohibition agents, who were justified in arresting automobile driver without warrant because of knowledge that he was delivering liquor pursuant to order therefor, had duty of seizing liquor in automobile.

3. **Criminal law** ☞395—**Liquor lawfully seized was admissible in liquor prosecution.**

Liquor lawfully seized was admissible as evidence in liquor prosecution.

4. **Intoxicating liquors** ☞221 — **Information charging unlawful transportation need not negative possession of permit.**

Information charging unlawful transportation of intoxicating liquor as second offense, under National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), need not negative possession of permit to transport the liquor.

5. **Intoxicating liquors** ☞224—**Government, prosecuting defendant for transportation of liquor, need not prove that defendant did not have permit.**

In prosecution for unlawful transportation of intoxicating liquor as second offense, under National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), government need not prove that defendant did not have permit to transport the liquor.

In Error to the District Court of the United States for the District of Delaware; Morris, Judge.

Charles Altshuler was convicted of the unlawful transportation of liquor as a second offense, and he brings error. Affirmed.

Philip L. Garrett and George W. Lilly, both of Wilmington, Del., for plaintiff in error.

David J. Reinhardt, U. S. Atty., and James H. Hughes, Jr., Sp. Asst. U. S. Atty., both of Wilmington, Del.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. Altshuler was tried and convicted on an information charging him with the unlawful transportation of liquor, his second offense against the National Prohibition Act. 41 Stat. 305 (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). To the sentence of imprisonment he has prosecuted this writ, charging error in the court's refusal of his motion for a directed verdict of acquittal based on the contention that his arrest was unlawful because made by prohibition agents without a warrant and that the use of the liquor as evidence against him at the trial was unlawful because seized in a manner violative of his rights under the Fourth and Fifth Amendments to the Constitution.

In February, 1923, Altshuler pleaded guilty in the District Court of the United States for the District of Delaware to an information charging him with the unlawful transportation of liquor. Believing that he was continuing his unlawful practices, Federal prohibition agents at Wilmington caused a representative to call Altshuler's home in Chester by telephone and place an order for twenty gallons of alcohol to be delivered in Wilmington, at a named address, between certain hours in the same evening. One of the agents listened to the telephone conversation which was conducted with a woman at Altshuler's home. Knowing the number of his automobile license, three agents proceeded to Penny Hill on the outskirts of Wilmington for the purpose of intercepting Altshuler should he approach. At the appointed time an automobile bearing his license number descended the hill. The agents, also in an automobile, came abreast of his car and gradually forcing it to the side of the road caused him to bring it to a stop. In the conversation which ensued the agents disclosed their identity and their purpose. Altshuler protested against their searching his car without a warrant but on seeing they were going to do it, he asked: "Cannot this thing be fixed up?" On entering the car the agents found twenty gallons of alcohol, the amount previously ordered. They then seized the liquor,

took possession of the automobile and arrested Altshuler.

On the question of their authority to make the search, seizure and subsequent arrest we shall not follow the plaintiff in error in his review of the law of arrest without a warrant by civil officers at common law, for at common law an arrest of the nature of the one here in question was, of course, not possible and, therefore, was not known. We shall start with the assumption, on authority of Dovel v. United States (C. C. A. 7) 299 F. 948; Raine v. United States (C. C. A. 9) 299 F. 407, and on the reasoning of United States v. American Brewing Co. (D. C.) 296 F. 772 (United States v. Musgrave [D. C.] 293 F. 203, contra), that a Federal prohibition agent is "a civil officer of the United States" as that expression is used in the Espionage Act, tit. 11, § 6 (Comp. Stat. 1918, Comp. Stat. Ann. Supp. 1919, § 10496¼f), to which the National Prohibition Act makes express reference, and as such is "authorized to enforce" the National Prohibition law by making an arrest with a warrant. This authority being statutory, so the authority of a prohibition agent to make an arrest without a warrant must be found in a statute specially conferring it. Such authority we find in title 2, § 26 of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½mm), which concerns "the commissioner, his assistant, inspectors or any officer of the law," within which official generalization a prohibition agent comes. The section reads as follows:

"When the commissioner, his assistants, inspectors, or any officer of the law shall discover any person in the act of transporting in violation of the law, intoxicating liquors in any * * * automobile * * * it shall be his duty to seize any and all intoxicating liquors found therein * * * and shall arrest any person in charge thereof."

[1] Limiting our discussion, and decision, to the right of Federal prohibition agents to make arrests for the offense of transporting liquor unlawfully, and expressing no view as to their right to make general and indiscriminate searches of automobiles, we inquire whether the agents in the case before us were in the position contemplated by the statute in authorizing an arrest without a warrant on *discovering* the plaintiff in error "in the act" of transporting liquor in violation of law. Without making the nice distinction between "discovery" and "knowledge" which the plaintiff in error urges, it is clear that the agents had ground for be-

lieving that the plaintiff in error would fill the order for alcohol (which would involve the unlawful act of transporting it) and that he would fill it in the manner and at the time named in the order. State v. Brown, 5 Har. (Del.) 505. Every fact of the unlawful act, save the one of actually seeing the liquor, was in their possession at the time they stopped the car and made the search. When they discovered him doing the acts necessary to carry out the order and doing them in their presence, they were not compelled to wait until the liquor was disclosed to their view, for the discovery was then sufficiently complete to justify their belief that he was violating the law and to warrant their intercepting him and ascertaining by search whether the promised liquor was there. Ash v. United States (C. C. A. 4) 299 F. 277; Milam v. United States (C. C. A. 4) 296 F. 629.

[2, 3] Finding that the arrest was lawful it follows that the seizure was lawful also, for the same provision of the statute which, in the circumstances, authorizes the officer to make the arrest imposes upon him the duty of seizing the liquor. Coming to the last question, it also follows that if the seizure was lawful, the liquor seized was lawfully admitted in evidence in the subsequent prosecution of the offender.

[4, 5] On authority of Rulovitch v. United States (C. C. A.) 286 F. 315, 317, 318; Goldberg v. United States (C. C. A.) 297 F. 98, 102; United States v. Cook, 84 U. S. (17 Wall.) 168, 21 L. Ed. 538; United States v. Behrman, 258 U. S. 280, 42 S. Ct. 303, 66 L. Ed. 619—we decide adversely to the contention of the plaintiff in error that his conviction was unlawful because the Government failed to negative an exception to the statute defining the offense for which he was on trial in that it did not prove that he did not have a permit to transport the liquor in question.

The judgment below is affirmed.