## COHN v. UNITED STATES.

(Court of Appeals of District of Columbia.
Submitted November 3, 1926. Decided
December 6, 1926.)

### No. 4494.

Arrest ⊚⧫63(4)—Searches and seizures ⊚⧫
7—Arrest of defendant without warrant while
transporting liquor held warranted, and
search incidental thereto not unreasonable
(National Prohibition Act, tit. 2, § 26 [Comp.
St. § 10138½mm]).

Where officer, knowing that defendant had
been mixed up in liquor transactions, became
suspicious on seeing cartons partially covered
in defendant's automobile, and arrested defend-
ant without warrant after he had admitted that
he had "three boxes of corn," held, arrest was
justified, and search incidental thereto not un-
reasonable, in view of National Prohibition Act,
tit. 2, § 26 (Comp. St. § 10138½mm). ·

Appeal from the Supreme Court of the
District of Columbia.

Morris Cohn was convicted of a second
offense of unlawfully possessing intoxicating
liquor, and he appeals. Affirmed.

H. T. Whelan and W. B. O'Connell, both
of Washington, D. C., for appellant.

Peyton Gordon and Raymond Neudecker,
both of Washington, D. C., for the United
States.

Before MARTIN, Chief Justice, ROBB,
Associate Justice, and BARBER, Judge of
the United States Court of Customs Appeals.

BARBER, Acting Associate Justice. The
appellant, defendant below, was tried, con-
victed, and sentenced in the Supreme Court
of the District of Columbia, upon an indict-
ment charging him with a second offense of
the unlawful possession of intoxicating liq-
uor, whisky, under the National Prohibition
Act (Comp. St. § 10138¼ et seq.). He was
convicted of his first offense August 30, 1922.
The offense here involved was committed Oc-
tober 29, 1923.

The errors complained of are: (1) The
admission of evidence alleged to have been
unlawfully seized. (2) Refusal to reject evi-
dence. But defendant's counsel in his brief
well states the issue as follows:

"Inasmuch as the admission of the evi-
dence complained of depended solely upon the
legality of the arrest, search, and seizure, this
is the only question involved on this appeal.
If the search was legal, and the liquor prop-
erly seized, it was properly admitted in evi-
dence, and the verdict of the jury was also
proper. However, if the search and seizure
were unlawful, * * * then appellant's
motion to suppress the evidence should have
been sustained. * * * "

The substance of the testimony in narra-
tive form is as follows:

A policeman on direct examination testi-
fied that he saw defendant driving an auto-
mobile past a certain street intersection in the
city in the daytime, without giving the prop-
er traffic signal, and noticed two boxes on the
seat of the car partly covered. He knew the
driver, the defendant, followed him some dis-
tance, then stopped him, and asked him; what
he had, to which defendant replied, "Three
boxes of corn." At that time the officer had
no warrant for the arrest of defendant, nor
a search warrant for the car. He then took
defendant to the station house "and charged
him with illegal possession, transporting, and
violation of the traffic regulations." When
he stopped defendant, the officer observed a
brown leather storm coat over the top of the
boxes which were on the rear seat. The coat
did not completely cover them. On top of the
coat was a straw wrapper, and inside of that
was a bottle containing some kind of liquor
marked "White Horse Scotch." He identified
a jar shown him by the assistant district at-
torney as one that was taken out of one of the
boxes in defendant's car. At the station
house 18 gallons of liquor were found in the
car and seized. That it was intoxicating is
conceded.

On cross-examination the officer said that
he did not smell liquor when the car passed
him, did not see or taste any, and did not
know what was in the defendant's car, but
that he had "a good, strong suspicion."

On redirect examination he said that he
knew the defendant, and knew that he had
been "mixed up with liquor transactions pre-
vious to this," with which, as an officer, he had
had nothing to do. He knew that whisky,
gin, and other things like that were transport-
ed in the kind of cartons that were in defend-
ant's car, had had some experience as an of-
ficer in other liquor law violations, and his
suspicions were aroused by seeing the cartons
covered.

On recross-examination the officer was
again asked what the defendant said when
asked what he had, and again he testified that
the answer was: "I have got three boxes of
corn." The witness was then asked if he re-
membered testifying in the case about a year
ago, and if then he did not say that the de-
fendant, answering the question as to what
he had, said, " 'Oh, you know what I have,'
and started laughing." Witness replied that
he might have so testified; that his recollec-
tion was vague about the testimony which he
gave at the former trial. He also said that
he could see enough of the packages in de-

fendant's car to discern that they were boxes similar to corn whisky boxes.

The defendant testified in substance that he was requested by a friend to deliver and transport these cartons, but was ignorant of their contents, and denied that he told the officer that he had "three boxes of corn on." It is not claimed that, if defendant did use the language, he meant corn whisky, and that the officer so understood.

Some of the seized liquor was then admitted in evidence against defendant's objection and exception, and the case was submitted to the jury, with instructions to which no objection was made.

The pertinent part of section 26 of title 2 of the National Prohibition Act (41 Stat. 305 [Comp. St. § 10138½mm]), under which the defendant was prosecuted, provides that:

"When the commissioner, his assistants, inspectors, or any officer of the law shall discover any person in the act of transporting in violation of the law, intoxicating liquors in any * * * automobile * * * it shall be his duty to seize any and all intoxicating liquors found therein being transported contrary to law * * * and shall arrest any person in charge thereof."

In Carroll v. United States, 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543, 3 A. L. R. 790, the right of search and seizure thereunder without warrant, and what constitutes probable cause for so doing, were exhaustively considered. At page 149 (45 S. Ct. 283) it was said:

"On reason and authority the true rule is that if the search and seizure without a warrant are made upon probable cause, that is, upon a belief, reasonably arising out of circumstances known to the seizing officer, that an automobile or other vehicle contains that which by law is subject to seizure and destruction, the search and seizure are valid."

At page 161 (45 S. Ct. 288), speaking of probable cause and quoting from other decisions, it was said that:

" 'If the facts and circumstances before the officer are such as to warrant a man of prudence and caution in believing that the offense has been committed, it is sufficient.' * * * 'The substance of all the definitions is a reasonable ground for belief in guilt.' "

In the Carroll Case, the facts relating to the seizure and arrest without warrant were, in brief, as follows:

The defendants were justifiably believed by the arresting officers to be engaged in plying the unlawful trade of selling liquor. When the seizure and arrest were made, they were on the public highway, presumably coming from the direction of the source of supply for their stock to the place where they plied their trade, and in the same automobile used by them on a previous occasion some two months before, when they had agreed to sell and deliver to the same officers some whisky, but did not do it, alleging as the reason that they could not obtain it. And, further, the evidence, as set out in the dissenting opinion, shows that, after the officers stopped the defendants' automobile, they asked defendants to get out of the car, which they did. The search was then made, the liquor found and seized, and the defendants thereupon arrested. It was held these facts constituted probable cause, and that the liquor found in the car and seized was admissible in evidence.

We think the case at bar presents a stronger probable cause than did the Carroll Case. Here the officer's suspicions were justifiably aroused by his knowledge of the defendant, by what he saw in the car, and in addition to this, and before the car was searched and defendant arrested, the defendant admitted to the officer, if the latter's testimony was true, and evidently the jury so found, that he had three cases of whisky in the car. We are unable to see why this admission, made before arrest or seizure, under the circumstances, did not justify both the arrest and seizure, and render admissible in evidence the liquor seized.

It follows that the judgment below ought to be and is affirmed.