### UNITED STATES v. VOTTIERO.

District Court, S. D. New York. March 15, 1928.

**1. Intoxicating liquors ⟨⟩249—Search of automobile for liquor without warrant held lawful.**

Where a prohibition agent saw an automobile in a garage being loaded with cartons which he believed contained liquor, and on being stopped in the street the driver stated that he carried whisky, a search of the car was lawful without a search warrant.

**2. Intoxicating liquors ⟨⟩248—Affidavit held sufficient to authorize warrant for search of garage in basement of dwelling house (National Prohibition Act, tit. 2, § 25 [27 USCA § 39]).**

An affidavit stating that a dwelling house contained a garage in the basement, used for manufacturing or handling liquor, held sufficient basis for a search warrant for search of the garage on ground that premises were used for handling liquor in a commercial way under National Prohibition Act, tit. 2, § 25 (27 USCA § 39).

**3. Intoxicating liquors ⟨⟩246—Private dwelling used in business of selling liquor unlawfully is "used for the unlawful sale of liquor" (National Prohibition Act, tit. 2, § 25 [27 USCA § 39]).**

Phrase, "being used for the unlawful sale of liquor," in National Prohibition Act, tit. 2, § 25 (27 USCA § 39), should be construed liberally as meaning "used in the business of selling liquor unlawfully."

Criminal prosecution by the United States against Frank Vottiero. On motion by defendant to quash search warrant. Overruled.

Charles H. Tuttle, U. S. Atty., of New York City (Arthur H. Schwartz, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Edward W. McDonald, of New York City, for defendant.

ESTES, District Judge. The defendant has made application to vacate a warrant that authorized the search of certain premises in the city of New York, alleged to be his home. There is no controversy respecting the facts, and the issue presented is whether the affidavit on which the warrant was issued is sufficient as a matter of law to authorize search of the premises referred to, and incidentally whether the seizure of an automobile, also containing liquors, that was moved from the place in question, was lawful. The point is made that both the seizure of the automobile and the search of the premises were unlawful.

A prohibition agent, in order to obtain the warrant, executed an affidavit that he had under observation for several hours each day, on September 20, 21, and 22, 1927, the premises known as 1682–1684 Davidson avenue, borough of the Bronx, city of New York; that the premises in question consisted of a 2½-story brick house, with a garage in the basement under the house, which latter was entered through a driveway from the street; that on the 20th of September he observed a man drive into the garage under the house, and within about an hour drive out in the same car; that the next day he saw the same man drive into the garage in the same car and five different men go into and come out of the front door of the house and two different cars drive into the garage; that on the next day, about 6:30 in the morning, from the yard of the house next door, where he could see into

the garage, he observed two sedan cars in the garage, and saw three men in the act of loading a great many large packages or cartons, such as bottles of whisky are packed in, into the two cars in the garage, and one of them, when loaded, drove out, with one of the three men in charge; that in a short time the other car was loaded in a similar manner and one of the men drove it out also; that he followed the last-mentioned car some distance, headed it off, and stopped it, approached the man who was driving it, and was told, in reply to a question, "Give me a chance; I have only five cases of rye whisky;" that he found upon examination of the car that the packages that he had seen loaded while the car was in the garage contained the five cartons, sixty large-sized whisky bottles, labeled and filled with whisky; that the driver was then caused to go to the prohibition administrator's office, gave his name, the name of the defendant herein, and, when further questioned, said, "What's the use of cross-examining me; I sell whisky." He then alleged that the premises are within the Southern district of New York, and had therein a quantity of intoxicating liquor, which is used, and has been used, and is intended for use, in the violation of the National Prohibition Act. In the search made under the authority of the warrant thus obtained, a large quantity of intoxicating liquor, together with much paraphernalia, such as a capper and labeling machine, funnels, and caps, were found "in the basement."

The defendant contends: First, that the search of the automobile was illegal, and that therefore any evidence obtained by that search could not be used for any purpose; second, that, assuming the affidavit to correctly set forth the facts, a search warrant obtained on the strength of it is void, because the place searched is a private dwelling, and the affidavit does not contain an allegation that such building was used for the unlawful sale of liquor. I think both of these propositions should be overruled.

[1] The National Prohibition Act (27 USCA) makes it the duty of an officer who shall discover any person in the act of transporting intoxicating liquor in violation of the law to seize same. The personal observations of the officer in this case with respect to the circumstances under which this liquor was moved from the defendant's place, as well as the remark of the man himself when the automobile was stopped, were sufficient to warrant a search of the vehicle. Carroll v. U. S., 267 U. S. 132, 45 S. Ct. 280,

69 L. Ed. 543, 39 A. L. R. 790; Altshuler v. U. S. (C. C. A.) 3 F.(2d) 791; Cohn v. U. S., 57 App. D. C. 49, 16 F.(2d) 652.

[2, 3] On the second proposition, I think the facts set forth are sufficient to show that the premises referred to were being used in a commercial way. Waiving the question of whether the garage and basement under the conditions were in fact a part of the defendant's home, they were certainly underneath and attached to the house itself. A private dwelling may be searched, not only when it is being used for the unlawful sale of intoxicating liquor, but also when it is used in part for some business purpose. Section 25, National Prohibition Act (27 USCA § 39). The phrase, "being used for the unlawful sale of liquor," should be construed liberally. It means, *used in the business of selling liquor unlawfully.* U. S. v. Berger (D. C.) 22 F. (2d) 867. "A dwelling used to manufacture liquor which is either sold there, or taken thence for sale is subject to search under the act." U. S. v. Berger, supra. What the officers saw there, particularly if unexplained, was sufficient to lead them to the conclusion that this place was used as a sort of depot or distributing point of the stock of intoxicating liquor subsequently found there. That fact, added to the statement of the defendant himself that he sold whisky, would in my opinion justify in law the issuance of the warrant in question. Kasprowicz v. U. S. (C. C. A.) 20 F.(2d) 506.

Counsel for the defendant insists that the cases of Gambino v. U. S., 48 S. Ct. 137, 72 L. Ed. ——, and United States v. Berkeness, 48 S. Ct. 46, 72 L. Ed. ——, recently decided by the Supreme Court, and not yet published, sustain the propositions made here by the defendant. But I do not think so. In the Gambino Case, the facts before the court, and held to be insufficient to constitute probable cause, were unlike in essential respects the facts involved here, which seem to me to make the Carroll Case, supra, more in point. In the Berkeness Case, the complaint had to do with the statute of 1917 relating to the possession and sale of liquor in Alaska. There was no pretense that the requirements of the Prohibition Act with reference to search and seizure were complied with. The court did not hold, as I understand the case, that it was necessary in every case where the search of a home is involved to aver that the premises are being used for making unlawful sales. The point was that the requirements of the prohibition statute, in respect of such matters, extended to Alaska, and that such statute took precedence in such

matters over the previously enacted statute relating to Alaska.

It follows, from these observations, that the motion, in my opinion, is not well taken, and is hereby overruled.