## DAVIS et al. v. UNITED STATES. *

Circuit Court of Appeals, Fifth Circuit.
November 26, 1929.

No. 5474.

F. H. Prendergast, of Marshall, Tex. (Nat Gentry, of Tyler, Tex., on the brief), for appellants.

Randolph Bryant, U. S. Atty., of Sherman, Tex.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. Appellants were convicted upon an indictment which charged them with conspiracy to conceal and with concealing assets which belonged to the bankrupt estate of Orin R. Davis, Sr., from the trustee in bankruptcy. At the trial the government was permitted, over objection and exception of appellants, to introduce in evidence goods belonging to the bankrupt estate which had been seized under a search war-

*Rehearing denied December 20, 1929.

rant and taken from the homes of the bankrupt and his son, both of whom were defendants in the case.

On the ground that the search warrant was void it is contended that it was error to admit in evidence the goods seized under it upon search of the homes of appellants.

The search warrant was based upon an affidavit of the trustee in bankruptcy before a United States Commissioner. Attached to that affidavit was a statement of T. E. Walker, which was not sworn to, but was merely acknowledged before a notary public, and an affidavit of one J. C. Proctor acknowledged before another notary public. The affidavit of the trustee to the effect that goods were concealed in the homes of Davis and his son was based, not upon personal knowledge or information, but upon the affidavit of Proctor. Neither Walker nor Proctor appeared before the Commissioner. The warrant authorized search to be made at any time of the day or night.

A Commissioner, before issuing a search warrant, must examine on oath the complainant and any witness he may produce, and is required to take their affidavits or depositions in writing. He is not authorized to accept affidavits taken by some one else. The affidavits must set forth the facts tending to establish probable cause. The Commissioner must insert a direction that the warrant be served in the daytime, except that, where the affidavits are positive that property which it is desired to seize is on the person or in the place to be searched, a direction may be inserted authorizing service of the warrant at night. 18 USCA §§ 614, 615, 620; Steele v. United States, 267 U. S. 498, 45 S. Ct. 417, 69 L. Ed. 761. The search warrant could not be based on the statement of Walker or the affidavit of Proctor, because neither of them appeared before the Commissioner. Its validity therefore depends solely upon the affidavit of the trustee. But the trustee did not make an affidavit based upon his own knowledge; on the contrary, his affidavit was based wholly on the statements of others, and consequently was hearsay. That affidavit, as appears from the above-cited statutes and decision of the Supreme Court, was clearly insufficient for lack of positiveness and a setting forth of facts to authorize a search either in the daytime or at night.

The judgment is reversed, and the cause remanded for a new trial.