## ROSE v. UNITED STATES.
### No. 8369.

Circuit Court of Appeals, Eighth Circuit.

Nov. 14, 1930.

Eugene D. O'Sullivan, of Omaha, Neb. (Charles J. Southard, of Omaha, Neb., on the brief), for appellant.

Edson Smith, Asst. U. S. Atty., of Omaha, Neb. (Charles E. Sandall, U. S. Atty., of York, Neb., Ambrose C. Epperson and George A. Keyser, Asst. U. S. Attys., both of Omaha, Neb., and Robert Van Pelt, Asst. U. S. Atty., of Lincoln, Neb., on the brief), for the United States.

Before KENYON, BOOTH, and GARDNER, Circuit Judges.

BOOTH, Circuit Judge.

This is an appeal from a judgment of conviction under the National Prohibition Act. There were two informations filed. One (No. 5375) was against the appellant Rose and two other defendants. The other information (No. 5394) was against Rose alone. The two informations were consolidated for trial as to Rose. He was tried alone. Information 5375 contained six counts. The first three were for sales; the fourth and fifth were for possession; and the sixth was for a nuisance. Conviction was had upon all of the counts except the second. Information 5394 contained two counts. The first, for sale; the second, for possession. A verdict was directed on the first count, and conviction was had on the second.

A large number of grounds for reversal are presented by appellant, but they may be grouped under a few heads:

I. Consolidation of the two cases.

It is doubtful whether this ground is properly covered by any assignment of error, but we resolve the doubt in favor of appellant.

It is contended that because two other defendants were joined with Rose in the first information, that the consolidation was unauthorized and prejudicial.

Section 1024, Rev. St. (18 USCA § 557), reads as follows:

"When there are several charges against any person for the same act or transaction, or for two or more acts or transactions connected together, or for two or more acts or transactions of the same class of crimes or offenses, which may be properly joined, instead of having several indictments the whole may be joined in one indictment in separate counts; and if two or more indictments are found in such cases, the court may order them to be consolidated."

Section 32, title 2, of the National Prohibition Act (27 USCA § 49), reads as follows:

"In any affidavit, information, or indictment for the violation of this chapter, separate offenses may be united in separate counts and the defendant may be tried on all at one trial and the penalty for all offenses may be imposed. It shall not be necessary in any affidavit, information, or indictment to give the name of the purchaser or to include any defensive negative averments, but it shall be sufficient to state that the act complained of was then and there prohibited and unlawful, but this provision shall not be construed to preclude the trial court from directing the furnishing the defendant a bill of particulars when it deems it proper to do so."

The offenses charged in the two informations in the case at bar were all violations of the National Prohibition Act. It would therefore have been perfectly proper for the district attorney to draw and file a new information against the appellant Rose alone, containing eight counts, the six of information 5375, and the two of information 5394. This new information could have been tried, and after trial, the two old informations dismissed as to appellant. Consolidation for trial accomplished the same result.

It is to be noted that the other defendants were not placed on trial, the orders of consolidation reading that the consolidation for trial was "as to the defendant William Rose."

The evils pointed out in McElroy v. U. S., 164 U. S. 76, 17 S. Ct. 31, 41 L. Ed. 355, could not result from such a consolidation.

We think the consolidation was authorized by the statutes cited, and that no error was committed.

■ II. Denial of motion to quash the search warrant in No. 5375 and to suppress the evidence obtained by said search warrant.

This motion was filed before the trial, but was not then passed upon. It was renewed at the close of all the evidence and was denied.

It is claimed by appellant that the postponement of ruling was the customary procedure in the District of Nebraska. As no objection to this procedure was taken by appellee at the trial, and none is taken to the matter being reviewed in this court, we consider the ruling on the motion without passing upon the method of procedure.

One of the points raised under this motion was that the premises involved were described in the affidavit for search warrant and in the search warrant as being in the city of Omaha; whereas, the proof showed that they were outside the city. The description was "the residence of William Rose, situated at 230 South 68th Avenue, Omaha, Douglas County, Nebraska."

Though there is some indefiniteness in the testimony, yet we think it was fairly shown that the residence was in fact just beyond the line of the city limits. Though the description was not technically accurate, yet it was sufficient to direct the officer to the exact place intended to be searched, and was also sufficient to prevent a mere roving expedition. No question of venue or jurisdiction was involved, and no one was misled. We think the description was sufficient. Steele v. U. S., 267 U. S. 498, 503, 45 S. Ct. 414, 69 L. Ed. 757; Rothlisberger v. U. S. (C. C. A.) 289 F. 72; Gerahty v. U. S. (C. C. A.) 29 F.(2d) 8; Fall v. U. S. (C. C. A.) 33 F. (2d) 71.

■ Another point raised under this motion is that neither the affidavit for search warrant nor the search warrant particularly describe the place to be searched and the persons or things to be seized, as required by the Fourth Amendment to the Constitution of the United States. We think there is no merit in this contention. We have already passed upon the sufficiency of the description of the place. As to the things to be seized, the affidavit states that intoxicating liquor is being sold upon the premises, and prays for a search warrant under the provisions of the National Prohibition Act. The search warrant itself orders search for intoxicating liquor, utensils, materials, etc. We think this was sufficient. There is no contention that anything was seized which was not mentioned. Steele v. U. S., supra, page 504 of 267 U. S., 45 S. Ct. 414, 69 L. Ed. 757; U. S. v. Kaplan (D. C.) 16 F.(2d) 802; U. S. v. Gaitan (D. C.) 4 F.(2d) 848.

■ The third point raised under the motion is that no oral testimony was taken by the commissioner before issuing the search war-

rant, but that simply a person appeared who made affidavit.

We know of no reason or authority for holding that where a person appears and makes a sufficient affidavit before the commissioner, oral testimony, either of the affiant or of a third party, should also be required. We find no such requirement, express or implied, in sections 613, 614, 615, 18 USCA (provisions of the Espionage Act, Act of June 15, 1917, ch. 30, title 11, 40 Stat. 228), or in the provisions of the National Prohibition Act.

We think there is no merit in the contention.

III. Denial of motion to quash the search warrant in No. 5394 and to suppress evidence obtained by said search warrant.

The three points raised in the motion to quash the search warrant in No. 5375 are again raised here. What we have said in reference thereto need not be repeated.

■ A fourth point is made, however, with reference to the obtaining of the search warrant in No. 5394 which requires consideration.

An examination of the record upon which the search warrant in No. 5394 was issued and of the search warrant itself discloses many inconsistencies and contradictions. The combination affidavit and complaint of Splawn, Federal Prohibition Agent; the finding of the United States Commissioner; the affidavit referred to in Splawn's complaint and attached thereto; and the search warrant are set out in the margin.[1]

Among the inconsistencies and contradictions may be noted the following:

In the combination affidavit and complaint, the commissioner states that Splawn makes the complaint; in the search warrant, it is stated that Kazakes made it.

In the search warrant, the commissioner states that Kazakes has alleged that he believes the National Prohibition Act is being violated in certain premises; but in the affidavit of Kazakes, no such allegations are to be found.

In the search warrant, the commissioner states that the complaint of Kazakes was made before the United States Commissioner; the affidavit of Kazakes shows that it was made before a notary public, and not before the United States Commissioner.

In the face of these inconsistencies and contradictions, it is somewhat difficult to determine just what took place before the United States Commissioner as a basis for the issuance of the search warrant.

A close study of the record, however, has led us to the conclusion that the search warrant was issued on the combination complaint and affidavit of Splawn, sworn to before the United States Commissioner; and on the affidavit of Kazakes attached, sworn to before a notary public; but that Kazakes himself was not before the commissioner. This conclusion is tacitly conceded by counsel for the government. In their brief, they say:

"The search warrant was properly issued on the probable cause established by the complaint and affidavit of Newton Splawn sworn to before the Commissioner and the affidavit

---

[1] Combination Affivadit and Complaint for Search Warrant under National Prohibition Act.
United States of America,
    District of Nebraska,
        Omaha Division—ss.
Be it remembered that on this day, before me, the undersigned, a United States Commissioner for the District of Nebraska, came Newton Splawn, Federal Prohibition Agent, who being duly sworn, on oath, deposes and says that the laws of the United States, namely the National Prohibition Act, 41 Statutes at Large, Page 307 and following pages, are being violated by reason of the facts, to-wit: contained in the affidavit hereto attached and made a part hereof.
That the premises consists of a two-story stucco house, with basement and garage, situated at 230 South 68th Avenue, Omaha, Douglas County, Nebraska, wherein and whereon there is being kept for sale and sold intoxicating liquors.
being the premises of persons whose names are unknown and being situated at No. 230 South 68th Ave. in the City of Omaha, County of Douglas and State of Nebraska.
Wherefore, affiant prays that by virtue of the facts herein stated, a Search Warrant may issue in accordance with the provisions of the National Prohibition Act.
                Newton Splawn

Subscribed in my presence and sworn to before me this 2nd day of November, 1927.
                Mary A. Mullen
[Seal]         United States Commissioner.
          Finding of Commissioner
This cause coming on for hearing on the application for a Search Warrant, supported by the affidavit above set forth, the undersigned commissioner thereupon being satisfied that there is probable cause to believe that the grounds set forth in said application and affidavit exist, and that the law is being violated as charged, does hereby so find.
                Mary A. Mullen,
[Seal]         United States Commissioner.
  Affidavit Attached to Complaint and Affidavit of
             Splawn.
United States of America,
    District of Nebraska,
      Omaha Division—ss.
I, James Kazakes being first duly sworn depose and say:
That on the 31st day of October, 1927, at about 8 o'clock P. M., I went to the residence of William Rose, situated at 230 South 68th Avenue, Omaha, Douglas County, Nebraska, where I purchased from

of James Kazakes attached thereto, sworn to before a notary public."

And again:

"There appears to be no reason in law why an affidavit sworn to before a notary public should not be used by a United States commissioner to establish probable cause for the issuance of a search warrant."

The question therefore arises: Was there a legal and sufficient foundation for the issuance of the search warrant?

The indispensable prerequisites to the issuance of a search warrant are to be found: (1) In the provisions of the Fourth Amendment to the Constitution of the United States; (2) In the provisions of the Espionage Act (Act of June 15, 1917, ch. 30, title 11, 40ᵗ Stat. 228, 18 USCA, c. 18), and especially in sections 1–6 of said Title 11 (sections 611–616, title 18, USCA); (3) In the provisions of the National Prohibition Act, if the search warrant is to be issued under that act. It is with these last provisions that we are here especially concerned.

Section 25 of title 2 of the National Prohibition Act (27 USCA § 39) contains the following provision:

"* * * No search warrant shall issue to search any private dwelling occupied as such unless it is being used for the unlawful sale of intoxicating liquor, or unless it is in part used for some business purpose such as a store, shop, saloon, restaurant, hotel, or boarding house. * * *"

Under this provision, before a search warrant can properly be issued to search a private dwelling, evidence must be produced before the officer issuing the search warrant that the private dwelling "is being used for the unlawful sale of intoxicating liquor"; and the evidence so produced must be legal evidence, and such as could be introduced before a jury.

In the case of Simmons v. U. S., 18 F. (2d) 85, page 88, this court, speaking by Judge Kenyon, said on this subject:

"It is well established by the authorities that the affidavit for a search warrant must affirm facts, and not merely express beliefs or suspicions, and that these facts must be made by one having personal knowledge. A mere belief of the affiant is not sufficient basis for the warrant. It is not necessary that the evidence submitted be sufficient to convict, yet it must be such as would be admissible before a jury."

And again, at p. 88 of 18 F.(2d):

"For the search of private dwellings under the National Prohibitory Law additional safeguards and limitations have been imposed upon the issuance of search warrants. Under section 25 thereof a private dwelling occupied as such and commonly known as a home or

William Rose two drinks of whiskey and one pint of whiskey for which I paid him $1.50.

James Kazakes,

Subscribed in my presence and sworn to before me this 2nd day of November, 1927.

Phoebe O'Donnell,

[Seal]          Notary Public.

Search Warrant.

United States of America,
    District of Nebraska,
        Omaha Division—ss.

To Newton Splawn Federal Prohibition Agents, and to any Federal Prohibition Agent authorized by law to act, or to either of them Greeting:

Whereas, James Kazakes, has made affidavit that on the 31st day of October, 1927, at about 8 P. M., he went to the residence of William Rose, situated at 230 South 68th Avenue, Omaha, Douglas County, Nebraska, where he purchased from William Rose two drinks of whiskey and one pint of whiskey for which he paid him $1.50.

And Whereas, complaint on oath and in writing has this day been made before me, Mary A. Mullen, a United States Commissioner for the District of Nebraska, by one James Kazakes alleging that he believes that the National Prohibition Act is being violated by the use of certain (describe premises and persons to be searched) premises consists of a two story stucco house, with basement garage and outbuildings, situated at 230 South 68th Avenue, Omaha, Douglas County, Nebraska, wherein and whereon there is being kept for sale and sold intoxicating liquors.

And Whereas, I am satisfied that there is probable cause to believe that the foregoing grounds for the application exist, and that intoxicating liquor is being sold at the above described premises in violation of the National Prohibition Act;

Now Therefore, you are hereby commanded in the name of the President of the United States, to enter the said premises and then and there to diligently search for said intoxicating liquor, or utensils, instruments, materials or property intended for use in violating said National Prohibition Act, and if the same be found that you seize and secure the same and bring it before me, and that you make return of this warrant to the undersigned within ten days from the date hereof.

You are also commanded, in the event that you seize any intoxicating liquor, or utensils, instruments, materials or property intended for use in violating said National Prohibition Act, to give a copy of this warrant, together with a receipt for the intoxicating liquor or property so seized, to the person from whom it was taken, or in whose possession it is found, or, in the absence of any person thereat or therein, or in possession thereof, to leave a copy of this warrant, together with such receipt as aforesaid, in the place where such intoxicating liquor and property is found, and to make such disposition of the intoxicating liquor and property so seized under this warrant as is required of you by law.

This warrant shall be served in the daytime or night time.

Immediately upon the execution of this warrant, you are further commanded forthwith to return the warrant to the undersigned, and to deliver to him a written inventory of the intoxicating liquor or property so seized, duly made and verified by you. Given under my hand and seal of my office, this 2nd day of November, A. D. 1927.

Mary A. Mullen,

[Seal]          United States Commissioner.

residence cannot be searched under a warrant, unless it is being used for the sale of intoxicating liquor, or unless it is in part used for some business purpose such as a store, shop, hotel, etc. The probable cause for the issuance of such warrant must be based on evidence of sales."

Tested by these principles, the evidence produced as the foundation for the issuance of the search warrant in the case at bar falls far short of meeting the requirements. The only person appearing before the United States Commissioner was Splawn, and he had no personal knowledge of the facts; all he had was a belief based upon the affidavit of Kazakes which he produced. The testimony of Splawn was therefore clearly hearsay, and the commissioner was not authorized to act upon it. Neither was the affidavit of Kazakes such evidence as would authorize the commissioner to issue a search warrant. The affidavit was not such evidence as would be admissible before a jury; neither was it admissible before the commissioner. Kazakes did not appear before the commissioner. There was no showing who he was; nor that he was mentally competent to make an affidavit. There was no showing of the purpose for which the affidavit was made, nor the circumstances under which it was made. There was no showing how the affidavit was obtained by Splawn; nor from whom; nor the circumstances under which it was obtained. All this could and should have been elicited if Kazakes had appeared for examination before the commissioner.

The dangers of allowing the use of an affidavit of one who does not appear in person are evident. Assuming that the prohibition agent is of the highest character, yet he may be deceived through using affidavits handed to him by strangers or sent to him by mail; and if the prohibition agent is not of the highest character, the dangers in allowing the use of such affidavits are of course multiplied.

■ The United States Commissioner, in hearing the application for a search warrant, acts in a quasi judicial capacity. He is the one to pass upon the mental competency of witnesses. He is the one to pass upon their credibility. He can do this only if the witnesses are produced before him.

For the foregoing reasons, we think there was no legal, sufficient evidence before the United States Commissioner as a basis for issuing the search warrant; and that it was error to deny the motion to quash the same,

and to suppress the evidence obtained thereby. Davis v. U. S. (C. C. A.) 35 F.(2d) 957. See, also, U. S. v. Smith (C. C.) 17 F. 510.

We think these conclusions are in accord both with principle and authority, although we are aware that there have been holdings apparently to the contrary.

It may be open to question whether the affidavit of Kazakes was capable of being used at all before the United States Commissioner, on the ground that it was not sworn to before an official authorized to administer oaths in federal criminal proceedings. See 28 USCA § 642; Albrecht v. U. S., 273 U. S. 1, 4, 5, 47 S. Ct. 250, 71 L. Ed. 505; U. S. v. Smith, supra; U. S. v. Schallinger Produce Co. (D. C.) 230 F. 290.

As this point has not been argued by counsel, we do not pass upon it.

■ IV. Denial of motion for a directed verdict on the counts in information 5375.

In addition to the ground of lack of evidence on certain counts, in case the motion to suppress should be sustained, the first point made here is that the evidence failed to show that the offenses were committed in the "City of Omaha" as alleged.

This matter has been already considered.

The second point is that there was failure of proof, in that there was no allegation and no proof that the acts charged were done "without first obtaining a permit from the prohibition commissioner"; but, instead, there was an allegation that the acts charged were done "without first obtaining a permit from the commissioner of internal revenue," but no proof of this allegation. Assuming the sufficiency of the assignment of errors to cover this point, which is doubtful, yet we think there is no merit in the contention.

Section 32, title 2, National Prohibition Act (above quoted), expressly provides that it shall not be necessary for an information to include any defensive negative averments. The averment now being considered was of such character. Williams v. U. S. (C. C. A.) 3 F.(2d) 933; Altschuler v. U. S. (C. C. A.) 3 F.(2d) 791; Schooley v. U. S. (C. C. A. 8) 4 F.(2d) 767, 770; Carnahan v. U. S. (C. C. A. 8) 35 F.(2d) 96, 67 A. L. R. 1035.

■ V. Denial of motion for directed verdict on information 5394.

The two points made on the similar motion as to information 5375 are repeated on the motion relating to information 5394. They require no further notice.

The third point as to lack of evidence is a corollary to the motion to suppress the evidence obtained under the search warrant in 5394. The only evidence in the record for possession under the second count of information 5394 is the evidence obtained under the search warrant. If that evidence is suppressed, there is no evidence to sustain the count.

As we have above held that the motion to suppress should have been granted, it follows that the motion for a directed verdict as to count 2 of information 5394 should also have been granted.

VI. Limitation of the cross-examination of the government's witness Samardick.

The questions excluded called for information as to the amounts paid as compensation to the men who went to the residence of appellant on several occasions, and there bought intoxicating liquor; and also called for the names of the persons who furnished the money to pay this compensation.

It was not error to sustain objections to these questions for the reason that the matters had not been touched upon in the direct examination of the witness.

Further, in view of the circumstance just stated, appellant is not in position to question the ruling excluding the questions for the reason that no offer to prove was made. This was necessary. Fed. Surety Co. v. Standard Oil Co. (C. C. A. 8) 32 F.(2d) 119; Hatch v. U. S. (C. C. A. 8) 34 F.(2d) 436, 438.

Our conclusion is that the judgment under counts 1, 3, 4, 5, and 6 in information 5375 should be sustained; that the judgment under count 2 in information 5394 should be reversed.

It is so ordered.