## NATHAN M. HATCH *vs.* ELIJAH W. CARPENTER.

The rejection of secondary evidence after the introduction of sufficient preliminary evidence to warrant its admission may be revised on exceptions in which all the evidence is reported.

The following testimony of an attorney was held sufficient to warrant the introduction of secondary evi⁻ence of the contents of a letter sent to him by his client in a previous case: " I d     t know where that letter is. I have searched twice during the past week for it among my papers at my office and other places where I keep my papers. but have not been able to find it. My impression is that the letter lay upon my table till after I had seen the plaintiff at that trial, and then went into the waste basket." On cross-examination, he testified: " I did not look through all my files of letters and papers, for when I came across a file marked as of a previous year, I did not search through it; I did not examine the papers I looked over one by one, and there were places containing papers (but not private papers) that I did not examine."

ACTION OF CONTRACT to recover for services as constable, witness and otherwise in a suit brought by Phipps against the town of Chatham. To prove that Phipps had written a letter to Carpenter requesting him to see an attorney at law, and ask him to commence that suit, the plaintiff called the attorney, (who was also judge of probate,) who testified as follows:

" A short time before I brought the action of Phipps *vs.* Chatham, I received a letter from Carpenter inclosing one from Phipps to him. I do not know where that letter (from Phipps to Carpenter) is. I have searched twice during the past week for the letter among my papers at my office and other places where I keep my papers, but have not been able to find it. My impression is that the letter lay upon my table till after I had

seen Phipps at the trial, and that it then went into the waste basket." Upon cross-examination the witness testified : " I have searched for the letter at my office, at my house and at several places in the probate office (naming them). I did not look through all my files of letters and papers, for when I came across a file marked as of a previous year, I did not search through it. I did not examine the papers I looked over, one by one, and there were places containing papers, (but not private papers,) that I did not examine."

The defendant then offered to prove by other evidence the contents of the letter. But *Sanger*, J. refused to permit him so to do, and ruled " that there was not sufficient evidence of a loss or destruction of the letter to let in secondary evidence of its contents." The jury returned a verdict for the plaintiff, and the defendant excepted.

*S. N. Small,* for the defendant. 1. The ruling of the presiding judge upon the question whether the proof of the loss of the paper was sufficient to warrant the introduction of secondary evidence was a proper subject of exception. *Foster* v. *Mackay,* 7 Met. 531.

2. The defendant should have been required to establish a reasonable presumption only of the loss of the letter to enable him to put in secondary evidence of its contents ; and for this purpose proof that a *bona fide* and diligent search had been unsuccessfully made for it, in the places where it was most likely to be found, was sufficient. The fact that the paper was of little value increases the presumption of loss. And testimony that it was thrown aside as useless, and is believed by the witness to have been lost or destroyed, is sufficient to let in secondary evidence of its contents. 1 Greenl. Ev. § 538. 2 Phil. Ev. (6th Amer. ed.) 230, 234, and Cowen & Hill's notes. *Jones* v. *Fales,* 5 Mass. 101. *Betts* v. *Jackson,* 6 Wend. 181. *The King* v. *Johnson,* 7 East, 65. *Bank of United States* v. *Sill,* 5 Conn. 111. *Riggs* v. *Tayloe,* 9 Wheat. 484.

*J. M. Day,* for the plaintiff. 1. The question whether the loss of the instrument was sufficiently proved to justify the admission of secondary evidence was addressed to the discretion of

the presiding judge, and not a subject of exception. *Page* v. *Page*, 15 Pick. 368. *Taunton Bank* v. *Richardson*, 5 Pick. 436. *Donelson* v. *Taylor*, 8 Pick. 390. 1 Greenl. Ev. § 558. *Reynard* v. *Brecknell*, 4 Pick. 302. *Whitney* v. *Thayer*, 5 Pick. 528. *Gray* v. *Bridge*, 11 Pick. 189.

2. The ruling was right. The party offering secondary proof must first prove the existence of the paper and its loss. Here was no sufficient evidence, because the defendant did not make oath to the loss of the paper or that it was not in his possession. 1 Greenl. Ev. §§ 349, 558. Nor was there any sufficient search made by the witness. He was bound to exhaust in a reasonable degree all sources of information and means of discovery. 1 Greenl. Ev. § 558. His testimony shows that many of his files of papers were not examined at all, and that those which he did examine were not examined carefully. And he did not testify to any knowledge that the paper was lost.

SHAW, C. J. Without giving any definite opinion upon the question whether the amount of evidence required to warrant the admission of secondary evidence is a matter upon which exceptions may be claimed as of right to the rulings of the judge presiding at the trial, we must suppose that in this case the judge, by allowing a bill of exceptions which stated the testimony in detail, intended to submit to this court the question of law, arising thereon, of the sufficiency of the testimony introduced to warrant the introduction of secondary evidence.

The proof is clear of the former existence of the letter. What shall be considered sufficient diligence or sufficient thoroughness of search must depend on the nature of the paper and the circumstances of the case. The affidavit of the party is only necessary when from the nature of the paper it would be in his possession or is traced to him. But this was a letter addressed to the attorney, which had become unimportant to the party, and the custody of which would naturally be with the attorney. It was not a paper which would be kept with the care of an important deed or instrument. The search, as testified to by the attorney, appears to have been made in good faith and with sufficient diligence.

It has been said that the witness should testify to his knowl-

edge that the paper is lost, and not merely to his belief. But the difference is, after all, nothing more than in the degree of certainty. With regard to things which make not a very deep impression on the memory, it may be called " belief." " Knowledge " is nothing more than a man's firm belief. The difference is ordinarily merely in the degree; to be judged of by the court. when addressed to the court; by the jury, when addressed to the jury. *Exceptions sustained.*