## HANKINS v. UNITED STATES.* ·
### No. 7124.

Circuit Court of Appeals, Fifth Circuit.
Oct. 27, 1933.

*Rehearing denied December 14, 1933.

Francis H. Hare, of Birmingham, Ala., for appellant.

Jim C. Smith, U. S. Atty., of Birmingham, Ala.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

BRYAN, Circuit Judge.

■ Appellant was convicted on the eighth count of an indictment which charged him with selling a quantity of morphine, a derivative of opium, without receiving the written order required by 26 USCA § 696. He was also convicted on several other similar counts; but as the sentence was less than could have been imposed under the eighth count it is necessary to consider only the errors assigned which relate to it. Brown v. United States (C. C. A.) 2 F.(2d) 589; Friscia v. United States (C. C. A.) 63 F.(2d) 977. It is argued in behalf of appellant that the jury was prejudiced against him, not only because he was confronted at the same time with other charges of a similar nature, but also because error was committed by the trial court in rulings on the evidence and in charges to the jury with reference to such other offenses. It is particularly insisted that the court erred in ruling out evidence designed to impeach the testimony of one Henderson, a morphine addict.

The government had the right to include all the counts in one indictment because of the similarity of the offenses charged. It is going too far to say that a jury of ordinary intelligence would be unable to distinguish between the offenses charged in separate counts of the indictment, or would allow themselves to convict a defendant under one of the counts because some witness had testified that he was guilty as charged in other counts. Henderson did not give any testimony concerning the eighth count, and it is beyond reason to suppose that the jury gave any weight to his testimony in arriving at their verdict on that count.

■ The overruling of a demurrer is assigned as error, but is not argued. No defect in the indictment is pointed out, and we see none. The charges requested by appellant, in so far as they correctly state propositions of applicable law, were either given or covered by the court's general charge to the jury. A charge on the subject of entrapment was requested. But certainly as to the eighth count it was properly refused, as appellant did not claim entrapment. Sorrells v. United States, 287 U. S. 435, 53 S. Ct. 210, 77 L. Ed. 413. A prohibition agent testified simply that on the date alleged he bought morphine from appellant, and this was categorically denied by appellant, who said he did not then know the agent. The sole issue before the jury was whether or not the sale was made.

Reversible error is not made to appear by any of the assignments, and the judgment is affirmed.