### UNITED STATES v. MORABETTE et al.
### No. 7545.

Circuit Court of Appeals, Seventh Circuit.

May 9, 1941.

Rehearing Denied June 16, 1941.

Before SPARKS and MAJOR, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

Defendants were convicted upon an indictment charging violation of certain sections of the Internal Revenue Code relating to the operation of illicit distilleries. They now contend that the evidence was insufficient to support the verdict and that the court committed prejudicial error in conduct of the trial.

There was evidence of the following: A treasury investigator arranged with one Sarno for the purchase and delivery of ten cans of alcohol. Sarno drove the officer's automobile, with another investigator concealed in the trunk compartment, to 448 North Racine avenue, Chicago, entered the dwelling house and then returned to the car accompanied by defendant Anthony Morabette. The two then proceeded in the automobile to the garage at the rear of the premises and there loaded the alcohol in the car. Following this, execution of a search warrant disclosed in the garage an illicit distillery and some 3700 gallons of mash in vats. The lot was owned by the mother of Anthony Morabette and Jerry Morabette, who with their brother-in-law, Barrile, lived there with her. The officers serving the warrant found all these persons in the house. They discovered naphthalene flakes in the dwelling, similar to those in the garage and one part of a broken broom in the house and one in the garage, the two fitting. The gas line which furnished fuel for the still ran from the house to the garage. The mother claimed that she had leased the garage to the ubiquitous stranger.

Upon execution of another search warrant at 1648 West Bloomingdale avenue, a similar still was found in operation in the basement of the garage, with 2000 gallons of mash and illicit alcohol in cans. At the time of service of this warrant Anthony Morabette was on the premises and was arrested as he was leaving the house by the front door. He said at that time that he had been arrested shortly previously and asked to be released. One Della Clark lived for a time in the house at 1648 West Bloomingdale avenue, the bungalow having been called to her attention by Anthony Morabette, with whom she was friendly. He took her to his brother Jerry, who leased the house to her. Betty Guertin lived with her. These women saw both

Chas. W. Schaub, Anton S. Mikula, and Antonia Rago, all of Chicago, Ill., for appellants.

J. Albert Woll, U. S. Attorney, and Martin S. Gerber, Asst. U. S. Atty., both of Chicago, Ill., for appellee.

Anthony and Jerry Morabette on the premises from time to time. Anthony Morabette purchased the oil burner used in this distillery and ordered fuel oil, using a fictitious name. The water pipes and electric light connections ran from the house to the basement of the garage. The property had been purchased by Jerry Morabette and he worked on the garage. Della Clark informed Anthony Morabette that the postman had asked if she were "bootlegging there." She testified that Morabette then replied, "mind your own business and shut up, if you want to stay healthy." The women observed cans about the premises and Anthony said to them that sugar was being stored there. Della Clark told him that she was going to move, as she did not want to "get into anything." He advised her there was "nothing to worry about," and that they were simply going "to store something" in the garage.

This evidence was uncontroverted, except that Barrile testified that he had no connection with either still; that he never worked upon or at either garage; that he was regularly otherwise employed. As to him there is no evidence of participation in the illegal operation of the stills. His motion to direct a verdict should have been allowed.

As to the two Morabettes, the evidence, including many circumstances which we find it unnecessary to repeat, presented a question of fact for the jury. The purchase of alcohol at one of the two places; the ownership of the properties; the leasing of one at the suggestion of Tony Morabette; the residence of both upon the other premises, belonging to their mother; their working in and about one garage; the gas lines, water pipes and electric lines running from the houses to the garages; the presence of each upon both of the premises; the purchase of the oil burner used in connection with the still by Tony Morabette; the remarks of the latter to the witness Clark that if she wanted to remain healthy, she should keep still; the statement made by Jerry to her, accusing her of being a stool pigeon and threatening bodily injury, and other circumstances in the record were sufficient to justify their conclusion that defendants were guilty as charged. The court rightfully refused to direct a verdict as to them. Whether the evidence was sufficient to establish guilt beyond reasonable doubt or whether it was equally consistent with innocence or guilt were matters solely for the jury. United States v. Sebo, 7 Cir., 101 F.2d 889.

Anthony Morabette complains because the court admitted testimony of threats made by Jerry to kill Della Clark. The court advised the jury that what the witness said in this respect was evidence only as to Jerry and not to be considered against any other defendant. Anthony's rights in this respect were well safe-guarded.

Anthony Morabette complains also because the court denied his motion to strike the testimony of John Rich. This witness testified that he was present when a man using the name of Scornic contracted to buy fuel oil; that, following the giving of the order, the oil was delivered to the place where the still was located; that Anthony Morabette was the man who gave the order. On crosss-examination he said that Morabette looked like the man who gave the order but that he might be mistaken. Obviously, in this situation, the question was one of credibility and not of inadmissibility.

Exception is taken to the court's limitation of cross-examination of the same witness. On cross-examination counsel had questioned him, and he had answered that Morabette looked like the man but that he might be mistaken. Thereupon the court sustained an objection to continued examination upon the same subject matter. The attempted additional questioning was merely repetition of what had occurred. The witness having been examined in all respects affecting the weight to be given his testimony upon this subject, the refusal to continue to permit repetition in other forms was proper. The court may always exercise reasonable discretion in determining when a subject has been exhausted and whether continued cross-examination is merely repetition. Shama v. United States, 8 Cir., 94 F.2d 1; Arnold v. United States, 10 Cir., 94 F.2d 499; Hartzell v. United States, 8 Cir., 72 F.2d 569; Storm et al. v. United States, 94 U.S. 76, 24 L.Ed. 42.

It is said also that it was error to refuse to compel the Government to elect upon which of the substantive counts it would prosecute. But the evidence disclosed that the two properties were in the possession and under the control of the same defendants; that the same violation had taken place at each place. The offenses were separate, but the evidence re-

lating to each was so directly connected that that offered to sustain proof of one would have been admissible upon the trial of the other. Joinder in such instance is proper under Section 1024, R.S., 18 U.S. C.A. § 557; McNeil v. United States, 66 App.D.C. 199, 85 F.2d 698. Two or more acts or transactions of the same class of crime may be joined if the defendant can be fairly tried on all the charges at once. In this respect, the trial judge has a wide discretion. United States v. Lotsch, 2 Cir., 102 F.2d 35, and cases there cited.

The judgment as to Thomas Barrile is reversed. The judgments as to defendants Jerry and Anthony Morabette are affirmed.