### RANDALL v. UNITED STATES.
### No. 11152.

Circuit Court of Appeals, Fifth Circuit.
March 31, 1945.

Rehearing Denied May 4, 1945.

Writ of Certiorari Denied June 18, 1945.
See 65 S.Ct. 1579.

G. Ernest Jones and Roderick Beddow, both of Birmingham, Ala., and Joseph S. Ray, of Columbus, Ga., for appellant.

John P. Cowart, U. S. Atty., and Chas. W. Walker, Asst. U. S. Atty., both of Macon, Ga., and Ralph R. Qullian, Dist. Enforcement Atty., Office of Price Administration, of Atlanta, Ga., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

Joel O. Randall was tried to a jury and convicted on charges preferred on informa-

tion filed by the United States District Attorney. The three counts of the information were alike except in the description of the gasoline coupons alleged to have been unlawfully possessed. Each count charged that the defendant did willfully and unlawfully have in his possession gasoline ration coupons not acquired in accordance with the provisions of Ration Order 5C, or any prior gasoline ration orders issued and effective pursuant to law. Title III, Section 301 of the Second War Powers Act, amending Pub. Law 671, 76th Congress, § 2(a), 50 U.S.C.A.Appendix § 633, and Section 1394.8177(c) of Ration Order No. 5C.

The defendant was sentenced to serve one year imprisonment and to pay a fine of $5,000.

The important evidence shows that while officers were on a highway near Columbus, Georgia seeking to locate and apprehend Barney Berry, an escaped convict, two cars passed them on the road; the officers followed the cars and after they had turned into a private driveway they found that Joel O. Randall and Barney Berry were the occupants of one of the cars. Under the front seat of this car was found approximately 200,000 gallons worth of gasoline ration coupons secreted in paper bags. These bags were pushed under the front seat between the driver of the car and the other passenger. Randall was arrested while he was still in the automobile and the tickets were removed from the car. After the arrest of Randall and his companion, the automobile from which the coupons were taken was brought to police headquarters and was later released on Randall's request and on written order of his attorney. The arrest of Randall and Barney Berry was made immediately after the car stopped in the driveway.

The gasoline coupon tickets in question had been stolen from the Hillsboro County War Price and Ration Board at Tampa, Florida. It was shown that the chief clerk of the Ration Board had received the coupons, and on Saturday, May 20, 1944, had placed them in a vault; on the following Monday it was discovered that the vault had been broken open and the coupons taken. The chief clerk testified that he had examined the records of the board and found that the coupons had not been issued to any person. He further testified after an examination of the coupons taken from the Randall car that they were the same coupons as the ones taken from the vault of the Tampa Ration Board.

The Congress acted within constitutional bounds when it delegated the power to fix and define crimes and penalties for crimes, as provided in the Act here under consideration. Such legislation was not an unauthorized delegation of legislative power. Shreveport Engraving Co. v. United States, 5 Cir., 143 F.2d 222, certiorari denied 65 S.Ct. 82; United States v. Randall, 2 Cir., 140 F.2d 70; O'Neal v. United States, 6 Cir., 140 F.2d 908, 151 A.L.R. 1474; Gallagher's Steak House v. Bowles, 2 Cir., 142 F.2d 530; Hirabayashi v. United States, 320 U.S. 81, 63 S.Ct. 1375, 88 L.Ed. 1774; Fred Toyosaburo Korematsu v. United States, 323 U.S. 214, 65 S.Ct. 193.

The three counts of the information were not defective for the reason that the ration coupons alleged to have been stolen were not sufficiently described. Pounds v. United States, 7 Cir., 265 F. 242; Fleck v. United States, 8 Cir., 265 F. 617.

No error was committed by the court in declining defendant's motion to require the Government to elect on which of the three counts of the information it would prosecute. The sentence of one year is applicable to either of the counts. Furthermore, the motion to require the Government to elect between counts is addressed to the discretion' of the court. Corbin v. United States, 5 Cir., 264 F. 659; Hankins v. United States, 5 Cir., 67 F.2d 317.

The defendant complains that the testimony of A. M. Schanz, who was the chief clerk of the Board, and who testified that the gasoline coupons had not been issued by the ration board to any person, was error. The contention of the defendant was that the records of the board were the best evidence of whether the coupons had been issued and that the oral testimony of this witness was inadmissible to show that the coupons had not been issued. The objections to the evidence of this witness were not well taken. Girson v. United States, 9 Cir., 88 F.2d 358; Darby v. United States, 5 Cir., 132 F.2d 928; Shore v. United States, 61 App.D.C. 18, 56 F.2d 490; Wilson v. Wood, 127 Ga. 316, 319, 56 S.E. 457.

There was no error committed in refusing to require Barney Berry to testi-

fy, since he claimed his constitutional privilege against self-incrimination. Coile v. United States, 5 Cir., 100 F.2d 806, 807.

We have considered each and every assignment of error and find therein no reversible error, and the judgment of the court is affirmed.