### UNITED STATES v. TOBIN.
### No. 8781.

Circuit Court of Appeals, Seventh Circuit.
May 21, 1945.

Rehearing Denied June 15, 1945.

George M. Tearney and Ode L. Rankin, both of Chicago, Ill., for appellant.

J. Albert Woll and Wm. J. McCormack, U. S. Atty., both of Chicago, Ill., for appellee.

Before EVANS, SPARKS and MAJOR, Circuit Judges.

MAJOR, Circuit Judge.

This is an appeal from a judgment of conviction, entered after trial before the court, upon a two count information which charged defendant with violating Sec. 2.5 of General Ration Order No. 8, relating to the possession or transfer of forged and counterfeit ration documents, issued by the Office of Price Administration.

Sec. 2.5 provides: "No person shall acquire, use, permit the use of, transfer, possess or control any counterfeited or forged ration document under circumstances which would be in violation of Section 2.6 if the document were genuine or if he knows or has reason to believe that it is counterfeited or forged."

Inasmuch as the section just quoted refers to Sec. 2.6, and in view of defendant's argument, it seems pertinent to set forth Sec. 2.6. It is as follows: "No person shall acquire, use, permit the use of, possess or control, a ration document, except the person or the agent of the person to whom such ration document was issued or by whom it was acquired in accordance with a ration order or except as otherwise provided by a ration order. No person shall use or transfer a token or other ration document except in a way and for a purpose permitted by a ration order."

Sec. 2.6 is set forth in Par. 5, and Sec. 2.5 in Par. 6, in Count One of the information. Par. 7 alleges that the defendant did then and there, knowingly, wilfully and unlawfully have possession and control of gasoline ration coupons, which ration documents were not legally acquired by him personally or as agent for another in accordance with any ration order issued by the Price Administrator. Par. 8 alleges that the coupons mentioned in Par. 7 were forged and counterfeited and that the defendant "well knew that said coupons were not legally acquired by him personally or as agent for another * * * in violation of Section 2.5." It will be noted that this count relates to possession.

Count Two of the information is different only in that it charges the defendant "did then and there knowingly, willfully and unlawfully transfer to the Standard Oil Company" the coupons in question and that said defendant "when he transferred said coupons, well knew that said coupons were transferred by him in a way and for a purpose not authorized by Office of Price Administration * * * in violation of Section 2.5."

In view of the errors assigned on this appeal, it is not necessary to make more than a brief statement of the proof relied upon by the government in support of the judgment. It discloses that defendant operated a gasoline service station in the city of Chicago and on various dates in June 1944 had in his possession and transferred to the Standard Oil Company, in exchange for gasoline delivered to him, a large number of gasoline coupons, many of which were counterfeited or forged. There was also proof that a substantial portion of such coupons were purchased from a third party.

Defendant's principal argument for reversal is that there was no proof that he had knowledge or reason to believe that the coupons possessed and transferred by him were counterfeit or forged, and without such proof a conviction predicated upon Sec. 2.5 cannot be sustained. The government does not claim that such proof was made, but contends that proof of knowledge was not required.

Defendant argues, erroneously we think, that the information charges such knowledge. The knowledge charged to defendant in Count One is that said coupons were not lawfully acquired, and the knowledge charged in Count Two is that they were transferred for a purpose not authorized by the regulation. That the knowledge charged could be found from the proof is hardly open to question. If this view of the charge be correct, as we think it is, defendant's contention could be more appropriately directed to the insufficiency of the

information for failure to charge knowledge on the part of the defendant that the coupons were forged or counterfeit.

We are clearly of the opinion, however, that it was not necessary for the government to allege or prove such knowledge under the circumstances of the instant case. The fallacy of defendant's contention lies in his failure to recognize that Sec. 2.5 is directed at two distinct situations: (1) where the counterfeited or forged coupons are possessed or transferred under circumstances which would be a violation of Sec. 2.6 if they were genuine, and (2) where such coupons are possessed or transferred with knowledge or reason to believe that they are counterfeited or forged.

The charge was predicated upon the first situation. Proof of knowledge was therefore unnecessary. Obviously, Sec. 2.6 is directed at the possession and use of genuine coupons acquired in a manner other than as provided by regulation. Evidently it does not relate to counterfeited or forged coupons. This is the purpose of Sec. 2.5, and under the first situation described in this section it is a violation if such coupons are acquired under circumstances which would be a violation of Sec. 2.6 if they were genuine. In other words, the use or possession of such coupons under such circumstances is unlawful, irrespective of any knowledge as to their spurious character.

The second situation provided for in Sec. 2.5 requires that the use or possession be with knowledge that the coupons are counterfeited or forged. It is not difficult to visualize that such forged coupons might be legally acquired in the ordinary course of business. Under such circumstances, it would be necessary to allege and prove that their use and possession by one who had thus lawfully acquired them was with knowledge that they were counterfeited or forged. This provision, however, has no application to the instant situation for the reason that it was charged and proved that the forged coupons were acquired in a manner which would have made their use and possession unlawful even if they had been genuine.

Defendant also contends that the information is improperly predicated upon both Secs. 2.5 and 2.6. His argument in this respect rests on the fact that both sections are referred to in the information. The contention is without merit. As already shown, Sec. 2.5 specifically refers to 2.6,

and we think that the latter section was properly referred to in the information; in fact, without such reference it is doubtful if a violation would have been charged. Evidently this would not be so if defendant was charged with possession of forged coupons, knowing them to be such, for the reason that in such a case a violation would not depend upon the manner of their acquirement as set forth in Sec. 2.6.

We are of the view that the defendant was properly charged and that the proof supports the charge. The judgment is affirmed.