## UNITED STATES v. HIBBS.

### No. 8832.

Circuit Court of Appeals, Seventh Circuit.

Dec. 5, 1945.

George W. Sprenger, of Peoria, Ill., for appellant.

Howard L. Doyle and Marks Alexander, U. S. Atty., both of Springfield, Ill., Preston W. Kimball, Asst. U. S. Atty., of Peoria, Ill., and H. Keith Dressendorfer, Asst. U. S. Atty., of Washington, D. C., for appellee.

Before EVANS, SPARKS, and MAJOR, Circuit Judges.

PER CURIAM.

This appeal challenges concurrent sentences of three and one-half years' imprisonment upon verdicts of guilt of charges in two indictments, relating to violations of the White Slave Traffic Act, 18 U.S.C. A. §§ 398, 399. The Government charged in one indictment, containing six counts,

the unlawful transportation of A. on November 30, 1942, from Peoria, Illinois, to South Bend, Indiana, and of B. from Peoria to South Bend, about Easter of 1943, and the return of B. to Peoria, June 15, 1943, for purposes of prostitution. The second indictment, in three counts charged like transportation for the same purpose of B. and C. from Peoria to South Bend, on June 27, 1943.

Consolidation of the indictments for trial was ordered and the court also refused to require the District Attorney to elect which charges were to be tried. Defendant assigns error inasmuch as the indictments concerned different persons, different and unrelated transactions, and the consolidation was fatally prejudicial to defendant's securing an impartial trial.

■ The contentions are without merit. The offenses charged were alike; they involved in part the transportation of the same person; and the second indictment concerned an event happening but twelve days after the first indictment. It lies within the sound discretion of the trial judge to order consolidation. See Logan v. United States, 144 U.S. 263, 12 S.Ct. 617, 36 L.Ed. 429; Williams v. United States, 168 U.S. 382, 18 S.Ct. 92, 42 L.Ed. 509; United States v. Smith, 2 Cir., 112 F.2d 83; Jordan v. United States, 5 Cir., 120 F.2d 65; Firotto v. United States, 8 Cir., 124 F.2d 532; Slick v. United States, 7 Cir., 1 F.2d 897; Ryan v. United States, 7 Cir., 216 F. 13; Capone v. United States, 7 Cir., 51 F.2d 609, 76 A.L.R. 1534; United States v. Anderson, 7 Cir., 101 F.2d 325; Rose v. United States, 8 Cir., 45 F.2d 459.

■ Error was also assigned because in cross-examination defendant was asked about a sentence to the Vandalia State Farm (not a penitentiary) (no objection made); and the same questions were asked of another witness, an F. B. I. agent. The latter testimony was stricken upon objection, but appellant contends that an instruction should have been given concerning such stricken testimony.

Counsel asked for no instruction on this matter and stated they had no objection to the instructions as given. As a matter of fact the instructions given at least implied that only submitted evidence (as contrasted with stricken evidence) should be considered when the court said, "The court further instructs you that in this case that, if you do not so believe beyond a reasonable doubt under the evidence *submitted* to you in this case * * * it is your duty to acquit."

Other assignments of error have been considered and none of them have merit.

The judgments are affirmed.