**RUGGIERO et al. v. UNITED STATES.**

No. 11165.

Circuit Court of Appeals, Ninth Circuit.

Aug. 30, 1946.

William E. Ferriter, of San Francisco, Cal., for appellant Belluomini.

Walter H. Duane, of San Francisco, Cal., for appellant Ruggiero.

Frank J. Hennessy, U. S. Atty., and Reynold H. Colvin, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GARRECHT, HEALY, and BONE, Circuit Judges.

BONE, Circuit Judge.

This is an appeal from a conviction in the District Court for violation of Section 2.5 and Section 2.6 [1] of General Ration Order No. 8. The facts briefly are these: Appellant Ruggiero, who was engaged in the retail sale of meat, purchased ration stamps outside the normal course of trade. He deposited some of these stamps in his ration bank account, and gave some to appellant Belluomini, his associate in another meat market, who deposited them in his ration bank account. Routine inquiry by the gov-

---

[1] "Sec. 2.5. No person shall acquire, use, permit the use of, transfer, possess or control any counterfeited or forged ration document under circumstances which would be in violation of Section 2.6 if the document were genuine or if he knows or has reason to believe that it is counterfeited or forged."

"Sec. 2.6. Acquisition, use, transfer or possession of ration document. No person shall acquire, use, permit the use of, possess or control a ration document

ernment disclosed that the stamps were counterfeit and resulted in this prosecution; but there was no evidence in the record that either of the appellants was told that the stamps were counterfeit.

The appellants contend that General Ration Order No. 8 is in excess of the authority given the President by the Second War Powers Act, and therefore a violation of it cannot be a crime. General Ration Order No. 8 is a regulation which set up the system of wartime food rationing. It was issued by the Price Administrator under authority of the President, 50 U.S.C.A.Appendix, § 633, which authority was delegated to the Secretary of Agriculture by Executive Order 9280, 50 U.S.C.A.Appendix, § 601 note. The Secretary of Agriculture executed his authority (in respect to the matter here involved) through the Price Administrator, Executive Order 9280 (§ 4). The general authority given to the President by Congress is found in 50 U.S.C.A. Appendix, § 1152(2) (C) as that section is amended by said Sec. 633:

"Whenever the President is satisfied that the fulfillment of requirements for the defense of the United States will result in a shortage in the supply of *any material or of any facilities* for defense or for private account or for export, the President may allocate such material or facilities in such manner, upon such conditions and to such extent as he shall deem necessary or appropriate in the public interest and to promote the national defense." [Emphasis supplied.]

 We are of the opinion that "any material or of any facilities" would include food and we do not doubt the power of the President to issue the said Executive Order, nor the validity of the ration order or orders thereunder which are here involved.

The statute itself makes a crime of the violation of regulations or orders made pursuant to the statute, and provides the penalties to be imposed. 50 U.S.C.A.Appendix, § 633(5).

It is clearly within the constitutional power of Congress to so impose criminal liability for the violation of an order or regulation promulgated by an administrative body. M. Kraus & Bros. v. United States, 66 S.Ct. 705; Randall v. United States, 5 Cir., 148 F.2d 234, certiorari denied 325 U.S. 885, 65 S.Ct. 1579, 89 L.Ed. 2000, and cases cited.

Knowledge on the part of the appellants that the stamps were counterfeit is not a necessary part of the crime and is, therefore, immaterial. United States v. Tobin, 7 Cir., 149 F.2d 534, certiorari denied 66 S. Ct. 46.

Judgment affirmed

---

except the person, or the agent of the person, to whom such ration document was issued, or by whom it was acquired in accordance with a ration order or except as otherwise provided by a ration order. No person shall use or transfer a token or other ration document except in a way and for a purpose permitted by a ration order."