**UNITED STATES v. HARRIS.**

No. 10891.

United States Court of Appeals, Seventh Circuit.

April 1, 1954.

Rehearing Denied April 23, 1954.

Frank W. Oliver, Chicago, Ill., for appellant.

Robert Tieken, U. S. Atty., Edward Calihan, Jr., Asst. U. S. Atty., Irwin N. Cohen, U. S. Atty., for appellee.

Before MAJOR, Chief Judge, and DUFFY and LINDLEY, Circuit Judges.

DUFFY, Circuit Judge.

Defendant Harris was charged in Count 1 of the indictment with transporting on November 25, 1952, from Kansas City, Missouri, to Chicago, Illinois, a stolen Chevrolet automobile, knowing the same to have been stolen in violation of § 2312, Title 18, U.S.Code. In Count 2, Harris and one Clifford Bauer were charged with transporting the same automobile on January 17, 1953, from Chicago, Illinois, to Indianapolis, Indiana, in violation of the same section of the code. Before trial defendant Harris moved for a severance, and also moved to require the government to elect the count on which it would proceed. These motions were denied.

At the trial, at the close of its case, the government moved to dismiss the charge against defendant Harris as to Count 2. This motion was granted. Motions for acquittal were made and denied, but there was no motion for severance, and the trial proceeded with Harris being charged only under Count 1 and Bauer being charged only under Count 2. Each defendant testified. The jury found Harris guilty as to Count 1 and Bauer as to Count 2. The motions of defendant Harris for a judgment of acquittal, for judgment notwithstanding the verdict, and for a new trial were denied, and judgment of conviction was entered. Defendant Harris appeals.

The Chevrolet automobile described in the indictment was owned by Mrs. Venita Mishler of Kansas City, Missouri, who testified that she parked the automobile in a parking lot in that city on the morning of November 25, 1952; that she gave no permission for anyone to use the car; and that she returned later that day and, upon discovering the car was missing, reported it as stolen to the Kansas City Police Department.

Joseph Young, the operator of the parking lot, testified that on November 25, 1952, he saw defendant Harris in the Mishler automobile at the parking lot; that he got within three feet of the automobile when Harris told him that it belonged to her sister and that she would return later in the day; that before he had a chance to say anything further defendant drove off; and that he did not give defendant permission to take the automobile. In the courtroom Young positively identified defendant Harris as the person who drove the Chevrolet automobile from the parking lot.

On January 25, 1953, the Chicago police received information from the F. B. I. that a stolen Chevrolet automobile with Missouri license plates was parked at a certain location in Chicago. After keeping the car under surveillance for several hours, the officers observed defendant Harris and co-defendant Bauer get into the Chevrolet at about 8:30 p. m. They then questioned defendant Harris, who first stated that the automobile was hers. After being asked for her driver's license and vehicle registration, defendant Harris stated that she had obtained the car from a friend in Kansas City, but refused to identify the friend.

The Chicago police officers placed Harris and Bauer under arrest, taking them first to the 38th District Police Station and, after waiting there for about 2½ hours for transportation, taking them to Chicago Police Headquarters at 11th and State Street, arriving there after 11:00 p. m. During the following morning while still in custody of the Chicago police, Harris and Bauer were each questioned by special agents of the F. B. I.,

at which time Harris gave the name of a man in Kansas City who, she claimed, owned the Chevrolet and had given her permission to use same. She was questioned again by the F. B. I. agents on January 27, and repeated the story that she had told them the day before. On the 27th Bauer's wife was brought to the station by F. B. I. agents and confronted Bauer. Shortly thereafter Bauer admitted that he knew the Chevrolet automobile had been stolen by Harris. On the morning of the 28th, at the request of F. B. I. agents, Bauer signed a statement covering the admissions made by him on the previous day. At about 10:30 a. m. on January 28, the Chicago police turned the custody of Harris and Bauer over to the F. B. I. and at about 2:00 p. m. they were arraigned before a United States Commissioner.

In connection with the testimony of Special Agent Hogan, and as part of the government's case, Bauer's statement, identified as Exhibit 7, was received into evidence over the objections of counsel for defendant Harris. In admitting Exhibit 7 into evidence, the court said: "It may be received subject to the limitations I imposed upon it; it may be received against the defendant Bauer, and is not admissible as against the defendant Harris, so just disregard it as to the defendant Harris." Included in the statement was, "I met Louise Harris around the early part of December. I knew her casually during the month of December. She had a 1951 Chevrolet, green in color, 1953 Missouri plates, in her possession at the time that I met her. She later told me she stole the 1951 Chevrolet in Missouri before she came to Chicago. * * * On January 18, 1953, I accompanied Louise Harris in the 1951 Chevrolet, green in color, 1953 Missouri license, to Indianapolis, where we stayed at the Harrison Hotel in Indianapolis, returning to Chicago on the 21st of January. * * * I had full knowledge that the car was stolen."

Before Exhibit 7 was offered in evidence, counsel for Harris moved the court to delete the words, "She later told

me she stole the 1951 Chevrolet in Missouri before she came to Chicago." The court stated, "No, that will just be—the jury will be instructed that that is not admissible against her. * * *"

As part of the government's case, Billie Paustenbach testified that Mrs. Elaine Bauer in the presence of her husband, Clifford Bauer, said the green Chevrolet had been stolen by Mrs. Harris. Defendant Harris was not present at the conversation and the trial judge told the jury, "Ladies and gentlemen, that conversation is not admissible against the defendant Harris. It is admissible against defendant Bauer."

 When defendant Harris made her motion for severance about two months before the trial she was then charged in each count of the indictment with the interstate transportation of a stolen 1951 Chevrolet automobile. In that posture, the denial of the motion was not an abuse of discretion. Rules 8 [1] and 13,[2] Federal Rules of Criminal Procedure, 18 U.S.C.A., contemplate that a joint trial may be had under such circumstances. The authorities are in agreement that the trial court has wide discretion in the matter of granting separate trials for defendants jointly charged. Allen v. United States, 91 U.S. App.D.C. 197, 202 F.2d 329; Ross v. United States, 6 Cir., 197 F.2d 660; Cataneo v. United States, 4 Cir., 167 F.2d 820; United States v. Morabette, 7 Cir., 119 F.2d 986, 989. Refusal of a

severance motion can only be a reversible error when there is a clear abuse of discretion. Dauer v. United States, 10 Cir., 189 F.2d 343; United States v. Antonelli Fireworks Co., 2 Cir., 155 F.2d 631; Hall v. United States, 83 U.S.App.D.C. 166, 168 F.2d 161, 4 A.L.R.2d 1193. The rule is similar where the trial court orders a consolidation of indictments for trial. United States v. Rosenblum, 7 Cir., 176 F.2d 321, 324; United States v. Hibbs, 7 Cir., 152 F.2d 269. Likewise, a motion to require the government to elect between counts is addressed to the discretion of the trial court. Randall v. United States, 5 Cir., 148 F.2d 234. In the case at bar there is no showing of a clear abuse of discretion.

 Although the court's instructions to the jury are not a part of the record before us, we must assume that the court correctly instructed the jury that in the consideration of defendant Harris' guilt or innocence, they should entirely disregard Bauer's confession, as well as other incriminating statements made by others not in her presence. United States v. Crowe, 7 Cir., 188 F.2d 209, 213; United States v. Tandaric, 7 Cir., 152 F.2d 3, 6; United States v. Gardzielewski, 7 Cir., 125 F.2d 138, 141; United States v. Waldon, 7 Cir., 114 F.2d 982, 984. Further, it must be presumed that the jury conscientiously observed the instructions of the court. United States v. Spadafora, 7 Cir., 181 F.2d 957, 959; United States v. Sorcey, 7 Cir., 151 F.2d 899, 903.

---

1. "Rule 8. Joinder of Offenses and of Defendants

"(a) Joinder of Offenses. Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

"(b) Joinder of Defendants. Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count."

2. "Rule 13. Trial Together of Indictments or Informations

"The court may order two or more indictments or informations or both to be tried together if the offenses, and the defendants if there is more than one, could have been joined in a single indictment or information. The procedure shall be the same as if the prosecution were under such single indictment or information."

The case against defendant Harris on Count 1 was a strong one. Although she never admitted stealing the 1951 Chevrolet, one witness positively identified her as the person who drove that automobile from the parking lot in Kansas City, and testified that she did so without permission. The transportation from Missouri to Illinois was established by the testimony of the defendant herself. The police found Harris and her codefendant in Chicago in the stolen automobile. Quite understandably the jury did not believe her improbable story that a friend in Kansas City had given her permission to drive the car to Chicago and to keep and use it for an indefinite period.

Harris urges that the receipt of Bauer's statement in evidence was prejudicial error as to her, because of the failure of arresting officers to take her and Bauer before a commissioner without unnecessary delay. She relies on such cases as McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819; Anderson v. United States, 318 U.S. 350, 63 S.Ct. 599, 87 L.Ed. 829; and Upshaw v. United States, 335 U.S. 410, 69 S.Ct. 170, 93 L.Ed. 100. She also relies on Rule 5(a), Federal Rules of Criminal Procedure, which provides, "An officer making an arrest under a warrant issued upon a complaint or any person making an arrest without a warrant shall take the arrested person without unnecessary delay before the nearest available commissioner or before any other nearby officer empowered to commit persons charged with offenses against the laws of the United States."

■■ The Chicago police had at least nominal custody of Harris and Bauer from 8:30 p. m. Sunday evening until about 10:30 a. m. the following Wednesday. However, it is apparent that the F. B. I. and the city police had an understanding and working arrangement. It was the F. B. I. which did practically all of the questioning and F. B. I. agents took the statements from Harris and Bauer. Had there been objection to the use of the statement made by Harris, the objection should have been sustained. Byars v. United States, 273 U.S. 28, 47 S.Ct. 248, 71 L.Ed. 520; Anderson v. United States, supra; Fowler v. United States, 7 Cir., 62 F.2d 656. However, Harris does not complain about the statement which she gave. In fact in her testimony at the trial she gave the same information in much greater detail. Harris insists, however, that the receipt of Bauer's statement was prejudicial as to her, in spite of the fact that the jury was admonished when such statement was received that it was not evidence against Harris, and we must assume that the court's instructions again covered this ruling. This was the best and usual manner of meeting such a situation. Kanner v. United States, 7 Cir., 34 F.2d 863, 867.

Harris insists that Anderson v. United States, supra, is on all fours with the case at bar. In Anderson defendants were detained by State officers in violation of a provision of the State law. There was a working arrangement between the federal officers and the sheriff of Polk County. The court held the admission of the confessions was error, but stated, 318 U.S. at page 356, 63 S.Ct. at page 602: "So also, while the trial judge appeared to admit the confessions 'only to be used against the persons who made them,' his charge bound the jury to no such restricted use of the confessions." Under the established law in this circuit, we presume that the court in the case at bar did so limit the effect of the Bauer statement when instructing the jury, just as he had previously advised them when such statement was received in evidence.

■■ In the prosecution of violations of Dyer Act cases, the government very seldom can produce, as it did here, an eye-witness who saw the defendant drive away with the automobile which was stolen. As the case on Count 1 against Harris was abundantly proved, we think it falls within the rule stated in Kotteakos v. United States, 328 U.S. 750, 764, 66 S.Ct. 1239, 1248, 90 L.Ed. 1557: "If, when all is said and done,

the conviction is sure that the error did not influence the jury, or had but very slight effect, the verdict and the judgment should stand, * * *."

Judgment affirmed.