**People of State of Illinois, Plaintiff-Appellee, v. G. E. McGarvey, Defendant-Appellant.**

### Term No. 54–O–17.

Fourth District.
February 21, 1955.
Released for publication April 21, 1955.

D. A. McGrady, of Gillespie, for defendant-appellant.

Joseph W. Hickman, of Benton, for plaintiff-appellee.

MR. PRESIDING JUSTICE CULBERTSON delivered the opinion of the court.

Plaintiff in error, G. E. McGarvey, brings this cause to this court by writ of error, seeking the reversal of a judgment of the county court of Franklin county, which was entered upon the verdict of a jury finding him guilty of disorderly conduct and assessing against him a fine of $100 and costs.

This prosecution was initiated by the filing of an information in the county court by the state's attorney of Franklin county, charging that Robert Palmer and G. E. McGarvey on the 11th day of January 1953 at and within said county of Franklin, in the State of Illinois, were then and there "wilfully and unlawfully guilty of disorderly conduct or other notorious act of public indecency tending to debauch the public morals, contrary to the form of the Statute in such case made and provided, against the peace and dignity of the same People of the State of Illinois."

The particular charge that was made apparently is the violation of section 159, chapter 38, 1953 Illinois Revised Statutes [Jones Ill. Stats. Ann. 37.124], which said paragraph is as follows: "Whoever shall be guilty of open lewdness, disorderly conduct, or other notorious act of public indecency, tending to debauch the public morals, shall be fined not exceeding $200."

It is contended, among other things on this appeal, that the trial court erred in not directing a verdict for the defendant at the close of the State's evidence, and that there is no evidence in the cause which sustains the charge made in the information. To determine whether or not the evidence was sufficient to sustain

the charge in the information it is, of course, necessary that we refer to the evidence offered in support thereof, and to a consideration of that evidence we now address ourselves.

The State presented but one witness, namely, a deputy sheriff, James Story, and the defendant stood on his motion for a directed verdict in his favor and offered no evidence. The witness Story testified, among other things, that on January 11, 1953 he was a deputy sheriff of Franklin county, and on the morning of that day at about 10:00 o'clock, he was called by the jailors in the county jail to go to the Pickle City tavern. In response to said call, Deputy Story repaired to the tavern and upon arriving there, talked to the defendant. The witness testified when he first entered the tavern the defendant was inside the building, up by the bar, and that the first thing the witness did, he "shook him down." He further testified the defendant kept wanting to shove around on him so he pushed him back and told him to stand back, and that about that time defendant's partner came in and that defendant was then staggering and stumbling around, and was argumentative and quarrelsome, and that he tried to fight with the witness. The information as to defendant being argumentative and quarrelsome and trying to fight was all elicited from the witness by leading questions. The witness further testified in response to the question, "Did he put up a fight, or anything like that?", "He would have, yes." It further appears from the evidence in this case that at the time of the occurrence in question there were no patrons in the tavern.

■ ■ The People having undertaken to prove the defendant guilty of disorderly conduct which tended to "debauch the public morals," were required to produce evidence in support thereof which would be sufficient to prove the defendant guilty beyond a reasonable doubt (People v. Carpenter, 207 Ill. App. 588).

Giving consideration to the evidence hereinbefore set forth we conclude that the evidence which was offered falls far short of showing a violation of the section of the statute hereinbefore set forth. The trial court in denying defendant's motion for an instructed verdict at the close of the People's case committed reversible error.

The judgment of the county court of Franklin county is, therefore, hereby reversed.

Reversed.

BARDENS and SCHEINEMAN, JJ., concur.