(No. 42240.—

THE CITY OF WAUKEGAN, Appellee, *vs.* MICHAEL PENNY, Appellant.

*Opinion filed May 27, 1970.*

MICHAEL ALAN NEMEROFF, of Chicago, (WARREN H. SKORA, of counsel,) for appellant.

MURRAY R. CONZELMAN, Corporation Counsel, of Waukegan, for appellee.

Mr. JUSTICE CREBS delivered the opinion of the court:
A magistrate of the circuit court of Lake County found

Michael Penny guilty of disorderly conduct under a Waukegan ordinance and fined him $20 and costs. A constitutional question gives us jurisdiction of his appeal.

The complaint on which defendant was tried charged him with disorderly conduct "in that on or about the 22nd day of August, 1968, in and within the City of Waukegan, County of Lake, and State of Illinois, Michael Penny * * * did threaten to take the life of the Complainant Louis Loffreddo [sic] tending to be a breach of the peace in violation of aforesaid ordinance." At the trial the evidence showed that about 9:00 P.M. on August 22, 1968, officers Lofredeo and Bayer were in uniform and patrolling in a squad car in Waukegan. They passed a group of boys and one of the boys shouted at the officers. The police stopped their car and backed to the place along the street where the boys were standing or sitting. Defendant made some remarks to Officer Lofredeo, but the evidence is conflicting as to whether it was a threat to kill the officer. The officer got out of the car and told defendant he was under arrest for disorderly conduct.

Over repeated objections by defendant, the magistrate heard evidence that when the officer told defendant he was under arrest, the defendant stepped back into the group of boys and escaped. The next day he went to the police station and accepted a complaint charging him with disorderly conduct.

At the conclusion of the testimony and arguments by counsel, the court found that defendant did not threaten the life of Officer Lofredeo as charged. The court then stated: "His statement on the stand and the officer's statement, that he was not going to go, and also the statements made by the mob or the group, * * * would tend to be conduct that would certainly be tending towards a breach of the peace, for Mr. Penny not to go along peacefully while being placed under arrest." Defendant's counsel objected to this finding because his client had not been charged

with failing to go with the police officer. The court then stated: "Well, based on, these being civil suits, the amended complaint to the form, here's the only section I say that's wide enough to be—to oppose." Judgment was then entered finding defendant guilty of disorderly conduct "in manner and form as charged."

Defendant's post-trial motion, among other things, alleges: "The Court erred when it held that certain conduct of the Defendant, not complained of, constituted a violation of the aforementioned ordinance, and such finding by the Court deprived the Defendant of an opportunity to defend himself in violation of the Defendant's constitutional right to due process of law." At the hearing on this motion, defense counsel told the court that since the conviction was based on eluding the police officer, he would like to have an opportunity to present evidence on that issue and that he felt he had a defense to this charge. The motion was, nevertheless, denied.

On December 3, 1968, defendant filed his notice of appeal. On December 17, 1968, the City of Waukegan filed its amended complaint charging disorderly conduct in that defendant "was eluding the police officer, Loffredo [*sic*] in the process of an arrest, causing others to interfere with the policeman in discharge of his duties, said conduct therefore tending to the breach of the peace."

The holding in *Gregory* v. *City of Chicago,* 394 U.S. 111, 22 L. Ed. 2d 134, 89 S. Ct. 946, requires a reversal of defendant's conviction. In that case Gregory and his companions were charged with disorderly conduct after they refused to stop a protest march which was causing a public disorder the police could no longer control. The convictions there were based not on the manner in which the march was conducted but rather on the refusal to disperse when requested to do so by the police. The Supreme Court concluded that the convictions were based on a charge that was never made and constituted a denial of due process.

Here defendant was never given an opportunity to defend on the charge on which the conviction is based.

The judgment of the circuit court of Lake County is accordingly reversed.

*Judgment reversed.*