THE CITY OF CHICAGO, Plaintiff-Appellee, *v.* JOHN BOYLES, Defendant-Appellant.

(No. 53904;

First District—March 29, 1971.

Philip W. Moore, of Chicago, for appellant.

Raymond F. Simon, Corporation Counsel, of Chicago, (Marvin E. Aspen, Assistant Corporation Counsel, of counsel,) for appellee.

Mr. PRESIDING JUSTICE BURKE delivered the opinion of the court:

Defendant was found guilty at a bench trial of the offense of disorderly conduct, in violation of Section 193—1 of the Municipal Code of the City of Chicago, and was assessed a fine in the amount of $50. On appeal defendant contends first, that he was denied due process of law because he was tried and convicted under one subsection of the ordinance whereas the proofs showed conduct falling under a different subsection, and secondly, that the evidence failed to support a conviction under the subsection of the ordinance alleged in the complaint.

Arresting police officer Allan Cohl testified that on the evening of August 8, 1968, he was assigned to the intersection of Wabash Avenue

and Balbo Drive in Chicago, a time during which demonstrations were taking place in the downtown area of the city. The officer, accompanied by other police officers, proceeded to walk eastward along Balbo Drive toward a group of demonstrators which was approaching the officers from the east along Balbo Drive. Upon reaching the intersection of Michigan Avenue and Balbo Drive, Officer Cohl was assigned to a police van standing on Balbo Drive and was ordered to "load up" into the van, prisoners who were being arrested from among the demonstrators.

Officer Cohl testified that the defendant, dressed in clerical garb, had stationed himself five feet to the rear of and directly behind the doors of the police van. Officer Cohl further testified that he was trying "to load them [prisoners] in and the Reverend was in my way. I couldn't get the man [prisoner] into the van." The officer testified that he and other police officers told the defendant to remove himself from the rear of the van, but that the defendant did not respond. The defendant remained in that position until the shuffle of the prisoners and the officers forced the defendant off to the side. The defendant returned to the original position a second time, was again ordered to move, and was again pushed aside by the shuffle of prisoners and officers. Officer Cohl testified that the defendant came back a third time, was placed under arrest, and was transported from the scene in a vehicle other than the police van in question.

On cross-examination the officer testified that the first time he noticed the defendant was when the defendant had stationed himself in front of the van doors. He stated that the defendant was standing and looking at an injured person lying on the ground near the defendant's feet, but that defendant was not attending the person. He further testified that a large crowd of people was present in the area of the van as well as a large number of police officers. The officer stated that at times it was necessary to use force to get the prisoners into the van. The officer did not recall whether the injured person, at whom he first saw defendant looking, was still on the ground when the defendant returned to the rear of the van the second time.

Defendant John Boyles testified that he was a minister employed as associate pastor of Yale University in New Haven, Connecticut, and also as the director of the Yale University Young Men's Christian Association in New Haven. On the evening in question the defendant left the Conrad Hilton Hotel near Michigan Avenue and Balbo Drive, dressed in his clerical garb, and walked to that intersection where he observed persons being beaten by police officers near the police van to which Officer Cohl had been assigned.

Defendant testified that he observed an injured person on the ground near the van, that he moved toward that person and that he asked the officers not to beat the person. Defendant stated that he was standing seven to ten feet to the side of the van, on an angle. He stated that he was pushed aside and that he saw an acquaintance being beaten and being placed into the van. When the defendant asked the acquaintance if she was injured, Officer Cohl took hold of the defendant's arm and escorted him to the sidewalk. Defendant reiterated that he was not directly to the rear of the police van, but that he was off to the side about ten feet.

The defendant's first contention, that he was denied due process of law because he was convicted under one subsection of the disorderly conduct ordinance based upon proofs showing a violation of a different subsection of that ordinance, is without merit. Defendant argues that the complaint issued against him alleged a violation of Section 193—1(a) of the Municipal Code of the City of Chicago, whereas the City's proofs tended to show a violation of Section 193—1(d) of the Code.

The pertinent portions of Section 193—1 of the Municipal Code of the City of Chicago read as follows:

"193—1. A person commits disorderly conduct when he knowingly:

(a) Does any act in such unreasonable manner as to provoke, make or aid in making a breach of peace; or

\* \* \* \* \*

(d) Fails to obey a lawful order of dispersal by a person known by him to be a police officer under circumstances where three or more persons are committing acts of disorderly conduct in the immediate vicinity, which acts are likely to cause substantial harm or serious inconvenience, annoyance or alarm; \* \* \*." Mun. Code, City of Chicago, Illinois, Aug. 30, 1939, Amend. Jan. 1, 1970, Sec. 193—1(a), (d).

The City's evidence, if believed by the trier of fact, was sufficient to sustain a finding of guilty under Section 193—1(a), as charged in the complaint.

Police Officer Cohl testified that defendant had placed himself five feet to the rear of and directly behind the doors of the police van as the officer and other police officers were attempting to load a number of prisoners into the van. The officer testified that defendant was asked to move, that he did not move, and that he was forced aside by the shuffle of prisoners and officers. Officer Cohl specifically testified that the defendant was in the way as the officer was trying to load prisoners into the van and that because of defendant's proximity to the police van, the officer was unable to get one of the prisoners into the van.

After the defendant was forced from the immediate area of the van doors the first time, he returned to his original position a second time. After he was forced away a second time, he returned a third time and was placed under arrest.

██ The reasonableness of defendant's conduct must be judged by the circumstances surrounding the event. (*United States v. Woodard*, 376 F.2d 136.) There were numerous persons in the immediate area of the police van. Demonstrators were being arrested by police officers and brought to the van to be locked up. Defendant, dressed in clerical garb, positioned himself directly in front of the doors to the police van and, in the presence of the prisoners, directly interferred with police activity on several occasions. His conduct aided and abetted the actions of the demonstrators and clearly falls within the language of subsection (a) of Section 193—1, in that it constituted acts performed in "such unreasonable manner as to   *   *   *   aid in making a breach of peace." From this evidence the trier of fact could reasonably have found that defendant had violated subsection (a) of Section 193—1 of the Municipal Code of the City of Chicago, as charged in the complaint.

The cases cited by defendant in support of his position are not in point. In *Gregory v. City of Chicago*, 394 U.S. 111, defendants were charged with disorderly conduct in that their actions tended to arouse anger in bystanders. Their convictions were based upon their refusal to obey a police dispersal order, rather than on the manner in which they were conducting themselves, and were therefore reversed. To the same effect see *City of Waukegan v. Penny*, 45 Ill.2d 463; *City of Chicago v. Meyer*, 44 Ill.2d 1.

In *Garner v. Louisiana*, 368 U.S. 157, there was no evidence that the defendants, conducting a "sit-in" at a restaurant, exhibited conduct which was boisterous or likely to cause a public disorder, upon which an arrest and conviction for disorderly conduct could be predicated.

Defendant also maintains that the gist of the City's proofs against him related to conduct proscribed by Section 193—1(d) of the Code rather than subsection (a) of Section 193—1 and is evidenced by a comment made during closing argument by one of the prosecuting attorneys:

"As I got the argument, Your Honor, the charge there was three or more people in the immediate vicinity here, is that correct, Your Honor, creating a breech [sic]?"

This comment was made by the attorney immediately after the defense counsel closed his final argument. It is unclear precisely what the prosecuting attorney was referring to in his comment, whether the defendant's position, as represented in the final argument, or the City's position, dur-

ing the case in chief. Nonetheless, the trial court stated in answer to the attorney's comment that the City's charge related to conduct performed in an unreasonable manner to provoke, make or aid in making a breach of the peace. Immediately after the trial court's statement, the second of the two prosecuting attorneys continued the City's closing argument in light of the charge under subsection (a) of Section 193—1.

■■ As to defendant's second contention, that there was no evidence to support the conviction of the defendant as charged in the complaint, the foregoing summary of the evidence clearly reveals the contrary to be true. There was sufficient evidence introduced by the City, if believed by the trier of fact, from which the defendant could be found guilty as charged in the complaint. It has been consistently held that the credibility of the witnesses and the weight to be afforded their testimony are matters for resolution by the trier of fact. *People v. Oparka,* 85 Ill.App.2d 33.

The cases cited in support of defendant's position in this regard are distinguishable on their facts. See *City of Chicago v. Hansen,* 337 Ill.App. 663; *People v. McGarvey,* 5 Ill.App.2d 414; *Thompson v. Louisville,* 362 U.S. 199.

For these reasons the judgment is affirmed.

Judgment affirmed.

LYONS and GOLDBERG, JJ., concur.