THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT D. BALDI, Defendant-Appellant.

(No. 55457;

First District—January 11, 1972.

*Rehearing denied February 1, 1972.*

Elmer Gertz and Wayne B. Giampietro, both of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Themis N. Karnezis, of counsel,) for the People.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

Appellant, Robert Baldi, was charged with failing to register as a real estate salesman, in violation of Ill. Rev. Stat. 1969, ch. 114½, par. 1. The complaint alleged that he "did  *  *  * offer to sell and did negotiate a sale" of a particular parcel of real estate to one Mary Cook without obtaining a certificate of registration from the Illinois Department of Registration and Education. After a bench trial defendant was found guilty and sentenced to one year probation, the first fifteen days to be spent in the County Jail. Defendant appeals from that judgment, contending that he was not proven guilty of the offense charged.

The statute under which defendant was convicted may be violated by engaging in either of two distinct types of conduct: (1) acting as a real estate broker or real estate salesman without a certificate of registration, or (2) advertising or assuming to act as a real estate broker or real estate salesman without a certificate of registration. The first proscribed course of conduct contemplates the actual commission of certain acts, normally performed by real estate salesmen, which are listed in Ill. Rev. Stat. 1969, ch. 114½, par. 2. The second proscribed course of conduct involves a holding out of oneself as a real estate broker or salesman, and does not require the commission of such acts. The State, by its complaint,

chose to prosecute defendant for acting as a real estate salesman. Therefore, evidence as to whether he professed to be a real estate salesman is of minor consequence. (See *City of Waukegan v. Penny*, 45 Ill.2d 463; *Zito v. Illinois Liquor Control Commission*, 113 Ill.App.2d 103.) The State further limited the issues before us by appropriately conceding its failure to establish that defendant did "negotiate a sale" of real property. Accordingly, we limit our review to an evaluation of only that evidence pertaining to whether defendant offered to sell real property. A determination of whether the State's allegation was proven requires a brief review of the evidence.

The prosecution rested its case primarily on the testimony of Mary Cook. She testified that on July 29, 1969, she went to the offices of Sky Realty Company, defendant's employer, and expressed an interest in purchasing a two-flat building. After defendant spoke briefly with her, he telephoned the owner of a building at 529 North Leamington and arranged an immediate showing of that property. He drove Miss Cook there and accompanied her during her viewing. They returned to the office after viewing one other building. Upon their return, defendant quoted her a price for the property. Miss Cook testified that he then typed a "second option" for her for the property at 529 North Leamington in return for $50. (She also testified that she received a copy of the "second option" and a receipt for her payment, but she could produce neither of these documents at the trial). Thereafter, all dealings concerning this property were handled by brokers from Sky Realty.

Defendant's testimony regarding his initial dealings with Miss Cook differed in several respects from her account, most notably in the denial that he executed a "second option." His testimonial variations served merely to raise an issue of credibility to be resolved by the trier of fact. Of greater significance was the uncontroverted testimony of Mr. Cohen, a salesman for Sky Realty, and of Mr. LoPiccolo, the co-manager, which placed in perspective the role played by defendant. Mr. Cohen testified that it was he who received a $2,000 down payment for the North Leamington property. He identified a copy of the receipt bearing his signature. Mr. LoPiccolo testified that Miss Cook and defendant joined him at his desk after they had viewed certain property on July 29, 1969, and Miss Cook expressed an interest in the property at 529 North Leamington. Mr. LoPiccolo then made several inquiries regarding her qualifications for a mortgage. After he satisfied himself as to her financial status, they discussed such details as price, F.H.A. appraisal, monthly payments and a breakdown of principal, interest and taxes. She approved the terms, and Mr. LoPiccolo typed a real estate contract, which they read over together before Miss Cook signed it. About two days later she met with a mortgage

company representative. Shortly thereafter, Mr. LoPiccolo spoke with the owners of the property and obtained their signatures on the real estate contract.

■■ The question of whether the actions of defendant constituted an offer to sell, being one of statutory construction, is a matter of law wherein we need not defer to the conclusions of the trial court. (*People v. Bryant*, 101 Ill.App.2d 314; *Schoenbein v. Board of Trustees*, 65 Ill.App.2d 379.) The briefs of counsel and our own research have uncovered no Illinois authority delineating the precise conduct connoted by the term, "offering to sell" from the statute at bar. However, some guidance may be derived from *Bittner v. American-Marietta Co.* (Ed.D.Ill. 1958), 162 F. Supp. 486, which interpreted the Chicago real estate licensing ordinance. The plaintiff in *Bittner* sought to collect for his services as a "finder." The defendant resisted on a theory that their relationship was one of broker-client, and, since plaintiff was not licensed to act as a broker in Chicago, he should not recover. The Chicago ordinance confined its definition of "broker" to any person who negotiates, buys, sells, trades or leases any property for another. The district court distinguished this from a "finder," who merely procures a purchaser and does not act as agent in the consummation of the sale nor collaborate on the price and terms of the sale. The court held that a "finder" was not subject to the dictates of the Chicago ordinance but denied summary judgment in order to allow the factual determination of whether plaintiff negotiated the contract or merely procured a purchaser.

■■ Applying a similar distinction to the facts before us, it is our view that Robert Baldi's duties and conduct never exceeded nor were intended to exceed mere prefatory steps in the overall procedure of selling real estate. He informed potential purchasers of current listings, conducted viewings of listed property and, if Miss Cook's testimony is to be accepted, arranged for preliminary options. It remained for the licensed brokers and salesmen in Sky Realty to conduct all negotiations and financial arrangements. Thus, even conceding the total veracity of Miss Cook's testimony, the conduct which she described amounted to a very limited contribution to the realty operation of Sky Realty. We hold that such actions do not fall within the statutory phrase, "offering to sell," and that, therefore, defendant did not "act as a real estate salesman" without a certificate of registration from the Illinois Department of Registration and Education. We reverse the judgment.

Judgment reversed.

LEIGHTON and SCHWARTZ, JJ., concur.