ELSIE WALTHER, Plaintiff, *v.* FLORA LINDERMAN *et al.*, Defendants.— (HAROLD L. LAWDER *et al.*, Defendants and Counterplaintiffs-Appellees, *v.* JAMES G. LINDERMAN, Defendant and Counterdefendant-Appellant.)

Fifth District   No. 79-541

Opinion filed August 1, 1980.

James W. Sanders & Associates, of Marion, for appellant.

William G. Ridgeway and Debra A. Buchman, both of Murphysboro, for appellee Harold L. Lawder.

Mr. JUSTICE HARRISON delivered the opinion of the court:

The present controversy arises from a counterclaim made in an action for partition of real estate by the plaintiff, Elsie Walther, in the circuit court of Jackson County. Appellees, Harold L. Lawder and Jack E. Knupp, sought specific performance of an option contract to purchase an undivided one-half interest in the property to be partitioned. Thereafter, the two suits were severed and it is the latter cause for specific performance which we presently determine. Judgment was entered in favor of the counterplaintiffs on October 4, 1979, and from that decision the appellant (counterdefendant below) appeals. Appellant argues that the court below improperly granted enforcement of the contract where, under Illinois statutes, Knupp acted as a real estate broker while not properly licensed within this State and that therefore the contract was illegal, void and incapable of enforcement.

Flora Linderman and her sister, Elsie Walther, hold the property in question, located in Jackson County, as tenants in common. Linderman granted a 90-day option to purchase her interest in the property to Knupp on October 18, 1976, the agreement being executed in Knupp's name as buyer. Thereafter the option was twice extended for additional 90-day periods in consideration of payment of additional sums by Knupp for each extension. On July 6, 1977, Knupp assigned his rights in the option agreement to Lawder. At this time Lawder reimbursed Knupp for the three option fees he had previously paid to Linderman and also paid him a $1000 finder's fee for securing the property in his behalf. In addition, he gave Knupp another check for $250 to be used for obtaining a final 90-day extension under the terms of the original option contract. The following day Knupp issued a check in his own name to Linderman for the stated purpose.

Linderman received notice of the assignment of the contract on August 15 by letter from Lawder's counsel which informed her of the

intention to exercise the option rights. Thereafter, her actions indicated that she intended to proceed with the sale until, on November 22, 1977, she sent Knupp a check for $250, as a refund of the final option extension fee, and notified Lawder's counsel that she did not intend to perform according to the terms of the contract. Flora Linderman died subsequently, on April 20, 1979, and her husband was substituted as counterdefendant.

The trial court found that a valid option contract had been entered into and that a valid assignment of the contract was made to Lawder. Under the evidence presented it determined that Jack Knupp acted as agent for Lawder in making the fourth option payment on July 7, 1977, and that the optionor received the payment and negotiated the check. Finally, the court held that any objections to the undisclosed agency regarding the fourth payment on the option had been waived by the optionor and that specific performance was the proper remedy.

Appellant argues that Knupp acted as a broker under section 4.02(a) of the Real Estate Brokers and Salesmen License Act (Ill. Rev. Stat. 1977, ch. 111, par. 5706(a)), and that he was not licensed as a broker according to section 3 of the Act (Ill. Rev. Stat. 1977, ch. 111, par. 5703). Since it is unlawful for any person to buy or offer to buy real estate for another without a license within the State of Illinois, it is contended that any agreement founded upon such unlawful act is void and, hence, the court should have denied its enforcement.

According to the record, Knupp negotiated the option in his own name and thereafter assigned the contract, an opportunity to purchase, to Lawder. No objection to the assignment was made by Linderman following the receipt of the notice of election to purchase which fully disclosed Harold Lawder as optionee. Indeed, Charles Decker, attorney for Lawder, was authorized by Linderman to order a title policy on the real property in controversy, and this authorization was confirmed by letter on September 27, 1977. It was only at the end of November that Linderman first resisted performance. The court properly found that the fourth option payment was made by Knupp as agent for Lawder. We conclude, according to the manifest weight of the evidence, that a valid and enforceable contract existed between Lawder and Linderman at all times following the assignment and the July 7 payment.

Regardless of the question of whether Knupp acted as a broker at any time, we are inclined to agree with appellees that the issue is wholly irrelevant to the underlying contract which existed first between Knupp and the appellant and now between Lawder and appellant. This claim is neither an attempt by Knupp to collect compensation for services as a broker or finder (see *Kilbane v. Collins* (1978), 56 Ill. App. 3d 707, 372 N.E.2d 415; *Kilbane v. Dyas* (1975), 33 Ill. App. 3d 439, 337 N.E.2d 217),

nor a prosecution for acting in such capacity without a license (see *People v. Baldi* (1972), 3 Ill. App. 3d 496, 279 N.E.2d 21). The dominant purpose of licensure is to protect the public from injury by maintaining honesty within the profession and excluding those who are either incompetent or unworthy of practicing within the market place. (*Ranquist v. Stackler* (1977), 55 Ill. App. 3d 545, 551, 370 N.E.2d 1198, *cert. denied sub nom. Ranquist v. Director of Department of Registration and Education* (1978), 439 U.S. 926, 58 L. Ed. 2d 318, 99 S. Ct. 309.) Yet another purpose of the legislature in enacting the Real Estate Brokers and Salesmen Act was to prohibit individuals without a license from being able to collect compensation for services falling within the ambit of the activities defined by the statute. (*Kilbane v. Collins* (1978), 56 Ill. App. 3d 707, 713-14.) Such purposes are not served by declaring void a contract which both parties agreed to perform, for it would penalize the principal rather than the offending agent. Accordingly, we affirm the judgment of the circuit court of Jackson County.

Affirmed.

JONES, P. J., and SPOMER, J., concur.